UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------------x

UNITED STATES OF AMERICA,                          :

                      vs.                :

                                  :  Hon. Jose L. Linares

MARCI PLOTKIN                                      :

STANLEY BEKRITSKY                                  :  Crim. No. 05-249 (JLL)

RICHARD STADTMAUER                                 :

ANNE AMICI                                         :  **Oral Argument Requested**

                                  :

                  Defendants.    :

-----------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORTOF
## DEFENDANT STANLEY BEKRITSKY'S
## MOTION FOR A BILL OF PARTICULARS

**DORNBUSH SCHAEFFER
STRONGIN & VENAGLIA, LLP**
Richard Schaeffer
Brian Rafferty
747 Third Avenue
New York, New York 10017
(212) 759-3300
(212) 753-7673 Facsimile
Attorneys for Stanley Bekritsky

January 16, 2007

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................ ii

I. PRELIMINARY STATEMENT ................................................................. 2

II. STATEMENT OF FACTS ....................................................................... 3

    A.    Count 30 Of The Indictment ............................................. 3

    B.    SSMB's Compliance With The Federal Grand Jury Subpoenas ................................................................ 4

    C.    Discovery Concerning Count 30 Of The Indictment ...................... 5

III. ARGUMENT ...................................................................................... 10

    A.    The Court Should Direct The Government To Provide A Bill Of Particulars. ............................................................... 10

        1.    The Applicable Legal Principles ...................................... 10

        2.    The Application of the Legal Principles ............................ 11

CONCLUSION ......................................................................................... 14

176333.1

# TABLE OF AUTHORITIES

**<u>Case(s)</u>**                                                                  **<u>Page(s)</u>**

*United States v. Addonizio,*
   451 F.2d 49 (3d Cir. 1971)...................................................................... 11

*United States v. Eisenberg,*
   773 F.Supp. 662 (D.N.J. 1991) ...................................................... 10, 13

*United States v. Rosa,*
   891 F.2d 1063 (3d Cir. 1989)............................................................... 10

*United States v. Russell,*
   369 U.S. 749 (1962) ...................................................................... 3, 13

*United States v. Zolp,*
   659 F. Supp. 692 (D.N.J. 1987) ......................................................... 13

**<u>Other Authorities</u>**

18 U.S.C. § 1512(c)(1)............................................................................ 2

18 U.S.C. § 1512(c)(2)............................................................................ 2

Federal Practice and Procedure § 129.................................................. 10

176333.1

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
-------------------------------------------------------------x
UNITED STATES OF AMERICA,                    :
                                             :
            vs.                              :
                                             :  Hon. Jose L. Linares
MARCI PLOTKIN                                :
STANLEY BEKRITSKY                            :  Crim. No. 05-249 (JLL)
RICHARD STADTMAUER                           :
ANNE AMICI                                   :  Oral Argument Requested
                                             :
                          Defendants.        :
-------------------------------------------------------------x
```

**MEMORANDUM OF LAW IN SUPPORTOF
DEFENDANT STANLEY BEKRITSKY'S
MOTION FOR A BILL OF PARTICULARS**

Defendant Stanley Bekritsky, through undersigned counsel, respectfully submits this Memorandum in Support of his Motion for a Bill of Particulars with respect to Count 30 of the Superseding Indictment ("Indictment").[1] Mr. Bekritsky joins in the Motions for a Bill of Particulars filed on behalf of Defendants Richard Stadtmauer and Marci Plotkin, and makes the following additional arguments in support of his Motion for a Bill of Particulars as to Count 30 of the Indictment.

---

[1]   In addition to filing the instant Motion for a Bill of Particulars, Mr. Bekritsky is filing a separate Motion to Dismiss Count 30 as Legally Insufficient. Should the Court grant Mr. Bekritsky's Motion to Dismiss Count 30, the instant Motion would, of course, be rendered moot.

176333.1

**I.**

**PRELIMINARY STATEMENT**

Count 30 of the Superseding Indictment purports to charge Mr. Bekritsky

and Defendant Marci Plotkin with Obstruction of Justice in violation of 18 U.S.C.

§§ 1512(c)(1) and 1512(c)(2).  Yet the only facts supporting the charge in Count

30 are that Mr. Bekritsky and Ms. Plotkin "as document custodians for the

Accounting Firm, intentionally did not produce documents known by them to be in

the possession of the Accounting Firm and responsive to the subpoenas to the

grand jury."  Ind. Count 30, ¶ 3.  From such bare factual allegations in Count 30, it

is impossible for Mr. Bekritsky to discern how he "corruptly" obstructed justice.

Although the government has provided some particulars to amplify Count 30

of the Indictment, those particulars amount to nothing more than the government

providing copies to the defense of <u>some</u>, but not all, of the documents that the

government alleges were not produced by the Accounting Firm in response to the

federal grand jury subpoenas.[2]  The government has failed to provide any

information about the additional, unidentified documents that the government

contends it may rely on to prove Mr. Bekritsky's obstructive conduct.  Moreover,

---

[2]   A copy of a letter from Assistant United States Attorney Thomas Eicher to
Richard Schaeffer, Esq. and Justin Walder, Esq., dated July 31, 2006, is attached
hereto as Exhibit "A."

176333.1

in response to a request by Mr. Bekritsky to further amplify the allegations in Count 30 of the Indictment through a Bill of Particulars, the government refused to provide most of the requested information.[3]

By failing to identify all of the documents at issue in Count 30 of the Indictment, and by failing to provide any facts showing how the Accounting Firm's failure to produce the alleged "obstruction" documents evinces a "corrupt" intent to obstruct justice by Mr. Bekritsky, Mr. Bekritsky has plainly not been "adequately apprised...of that which he must be prepared to meet," *United States v. Russell*, 369 U.S. 749, 763-64 (1962), and cannot meaningfully prepare a defense. Mr. Bekritsky is thus compelled to file the instant Motion for a Bill of Particulars as to Count 30 of the Indictment.

## II.

## STATEMENT OF FACTS

### A.    Count 30 Of The Indictment

Mr. Bekritsky and Defendant Marci Plotkin are charged in Count 30 with Obstruction of Justice for their failure, as "custodians of the Accounting Firm," to turn over documents responsive to federal grand jury subpoenas which were subsequently recovered during the execution of a search warrant at the offices of

---

[3]   A copy of a letter from Brian Rafferty, Esq., to Assistant United States Attorney Thomas J. Eicher, dated September 15, 2006, requesting, among other things, a Bill of Particulars, is attached hereto as Exhibit "B".

176333.1

Schonbraun Safris McCann Bekritsky & Co., LLC ("SSMB").  Significantly, Count 30 of the Indictment does not reincorporate or reallege any of the factual allegations in Counts 1 through 25 of the Indictment, and thus the allegations in those Counts provide no further details about the allegations in Count 30 of the Indictment.

**B.      SSMB's Compliance With The Federal Grand Jury Subpoenas**

Although the allegations in Count 30 of the Indictment are sparse, the issues raised by Count 30 are not simple.  Both Ms. Plotkin and Mr. Bekritsky were employed at SSMB at the time of the search, and the search warrant that resulted in the recovery of the alleged "obstruction" documents was executed in connection with the U.S. Attorney's Office investigation of Charles Kushner and the Kushner Companies.  Prior to the execution of the search warrant, SSMB, with the assistance of Mr. Bekritsky, produced more than 400,000 pages of documents responsive to the federal grand jury subpoenas.

Because of the vast scope of the federal grand jury subpoenas, there were numerous contacts between the United States Attorney's Office and counsel for SSMB, in an effort to prioritize, focus, limit, narrow or otherwise modify the terms of the various grand jury subpoenas.  Mr. Bekritsky had literally dozens of contacts with counsel for SSMB, to discuss efforts to comply with the federal grand jury subpoenas.  Even after the government executed the search warrant at the offices

176333.1

of SSMB, the government served numerous other federal grand jury subpoenas on SSMB and its personnel, with more specific requests for documents. Moreover, SSMB continued to produce materials responsive to the subpoenas after the execution of the search warrant, making at least an additional twenty productions of documents, totaling more than 80 boxes and containing hundreds of thousands of pages of documents.

In sum, although Mr. Bekritsky is charged with obstruction of justice for failing to produce documents responsive to the federal grand jury subpoenas, it is undisputed that Mr. Bekritsky worked with SSMB and its lawyers to comply with the federal grand jury subpoenas, and in fact helped produce hundreds of thousands of documents to the grand jury.

## C.   Discovery Concerning Count 30 Of The Indictment

Subsequent to the filing of the Indictment in this matter, the government, by letter dated July 31, 2006, identified some of the documents it intends to rely on in support of Count 30 of the Indictment.[4] According to the government's letter, the documents that were identified by the government as evidence of obstruction were recovered in four different locations at SSMB:  (1) 1161 pages of documents from the office of Mr. Bekritsky; (2) 62 pages of documents from file cabinets containing Kushner files located in the hallway at SSMB; (3) 303 pages of

---

[4]   See Exhibit "A."

documents from the cubicle of Mr. Bekritsky's and Ms. Plotkin's secretary, Angela Mazza; and (4) approximately 7000 pages of documents from the office of Ms. Plotkin.  In total, the government alleges that it recovered approximately 8500 pages of documents that were not produced by SSMB and which were responsive to the federal grand jury subpoenas.

Among the documents recovered from the office of Mr. Bekritsky, the government identified the following documents as evidence of Mr. Bekritsky's obstructive conduct:

- hundreds of pages related to Charles Kushner's application to be the Chairman of the Port Authority, including numerous copies of executive orders, codes of ethics, codes of conduct, and other publicly available documents found on  the internet;

- hundreds of pages related to a Kushner Companies' investment in Israel, some of which are written in Hebrew;

- assorted pages of handwritten notes and other messages;

- multiple copies of assorted tax planning and estate tax planning for Charles Kushner; and,

- the personal tax returns of Kushner Companies Partner Jeffrey Freireich for several years, including Mr. Freireich's personal tax return for 1992 in Oklahoma.

In addition to identifying some of the documents that the government intends to rely on in support of Count 30 of the Superseding Indictment, the

government's letter of July 31, 2006, also notes that the government may rely on

yet other documents in support of Count 30:

> "The enclosed documents are being provided to you without prejudice to the government's right to introduce additional documents in support of Count 30. Included in this category are documents that the government did not recover in the search, but nonetheless may evidence obstructive conduct. Many documents that once existed were never recovered. For example, there were numerous instances where copies of documents were provided to the government, but the originals were "missing." As Richard Schaeffer and I discussed previously, the government is investigating the circumstances surrounding that very category of documents involving Pheasant Hollow, which were recently provided by Mr. Schaeffer."[5]

Since transmitting its letter of July 31, 2006, the government has not provided any

other information to the defense about these other alleged "obstruction"

documents.

After reviewing the allegations in the Indictment, the facts surrounding

Mr. Bekritsky's role in the subpoena compliance process at SSMB, the

government's letter of July 31, 2006, and the alleged "obstruction" documents

identified by the government, it remained impossible for Mr. Bekritsky to

determine how he "corruptly" obstructed justice as alleged in Count 30 of the

Indictment. Accordingly, on September 15, 2006, Mr. Bekritsky transmitted a

---

[5]   See Exhibit "A."

letter to the government, requesting, among other things, a Bill of Particulars as to Count 30 of the Indictment.[6]

On October 6, 2006, in response to requests for a Bill of Particulars from Defendant Richard Stadtmauer, Marci Plotkin and Mr. Bekritsky, the government refused to provide most of Mr. Bekritsky's requested specifics about Count 30 of the Indictment.[7]

The instant Motion refines some of our previous requests for particulars regarding Count 30 of the Indictment that the government refused to provide, and asks this Court to direct the government to file a Bill of Particulars regarding Count 30 of the Indictment as follows:

1. Identify all documents referenced in Count 30 "known by [Mr. Bekritsky] to be in the possession of the Accounting Firm and responsive to the subpoenas to the grand jury."

2. For each document referenced in Count 30, identify the subpoena or subpoenas to which each document is responsive.

3. For each document referenced in Count 30, identify the specific grand jury investigation each document allegedly obstructed, influenced or impeded.

4. For each document referenced in Count 30, identify the specific affirmative wrongful conduct committed by Mr. Bekritsky in connection to that document to "corruptly" obstruct justice.

---

[6]   See Exhibit "B".

[7]   A copy of a letter of Assistant United States Attorneys Thomas J. Eicher and Rachael A. Honig, dated October 6, 2006, to Robert S. Fink, Esq., Richard J. Schaeffer, Esq., Justin P. Walder, Esq., and Edward J. Plaza, Esq., is attached hereto as Exhibit "C".

176333.1

      a.     In connection with this request, for each document referenced in Count 30, identify whether the government contends that Mr. Bekritsky altered, destroyed, mutilated or concealed the document?

      b.     In connection with this request, for each document referenced in Count 30, specify how Mr. Bekritsky altered, destroyed, mutilated or concealed the document?

5.     For each document referenced in Count 30 and recovered from the office of Ms. Plotkin, the cubicle of Ms. Mazzo, or the file cabinet in the common areas of SSMB, specify how the Accounting Firm's failure to produce each of those documents shows a "corrupt" intent to obstruct, influence and/or impede the grand jury by Mr. Bekritsky.

6.     For each document referenced in Count 30, specify how the failure to provide each document in response to federal grand jury subpoenas obstructed, influenced or impeded a federal grand jury investigation.

176333.1

## III.

## ARGUMENT

**A.   The Court Should Direct The Government To Provide A Bill Of Particulars.**

1.     The Applicable Legal Principles

Pursuant to Rule 7(f), a defendant is entitled to a bill of particulars "to obviate surprise at trial, enable the defendant to prepare his defense with full knowledge of the charges against him, and to enable double jeopardy to be pled in case of a subsequent prosecution." *United States v. Eisenberg*, 773 F.Supp. 662, 689 (D.N.J. 1991).

The trial court has broad discretion to order the government to provide a bill of particulars, and Rule 7(f), in its present form, was drafted "to encourage a more liberal attitude by the courts toward a bill of particulars." Fed. R. Crim. P. 7, Advisory Committee Notes (1966 Amendments); see generally Federal Practice and Procedure § 129 & nn. 8, 9. Thus, "motions for a bill of particulars should be granted whenever an Indictment's failure to provide factual or legal information significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial." *United States v. Rosa*, 891 F.2d 1063, 1066 (3d Cir. 1989). A bill of particulars is especially appropriate where, as here, "the Indictment appears too vague to inform the defendant fairly of the charge against

176333.1

him." *United States v. Addonizio*, 451 F.2d 49, 64 (3d Cir. 1971) (citation omitted).

### 2.    The Application of the Legal Principles

As set forth herein, the meager allegations of fact in Count 30 of the Indictment fail to inform Mr. Bekritsky how he "corruptly" obstructed justice. Other than alleging that Mr. Bekritksy, as "document custodian for the Accounting Firm," failed to turn over documents responsive to federal grand jury subpoenas, Count 30 includes no allegations of fact showing what affirmative wrongful conduct Mr. Bekritsky committed to obstruct justice. By failing to include such factual allegations in Count 30 of the Indicment, Mr. Bekritsky has no idea how the government contends he obstructed justice.

Rather than clarifying the allegations in Count 30 of the Indictment, the alleged "obstruction" documents at issue in Count 30 of the Indictment have only made it more difficult for Mr. Bekritsky to prepare his defense. Documents were recovered from Ms. Plotkin's office, from a secretary's cubicle, and from a public file cabinet, and yet there are no factual allegations showing that Mr. Bekritsky even knew these documents existed, or that these documents were not produced in response to the federal grand jury subpoenas. Indeed, there are no factual allegations showing that Mr. Bekritsky <u>did</u> anything or <u>said</u> anything about these documents.

176333.1

Although the remaining documents identified by the government as evidence of obstruction were recovered from Mr. Bekritsky's office, the allegations in Count 30 about these documents are equally thin--Count 30 does not include any factual allegations of affirmative wrongful conduct by Mr. Bekritsky with respect to those documents either.  Moreover, the alleged "obstruction" documents recovered from Mr. Bekritsky's office are not at all incriminatory on their face, have no apparent relationship or connection to each other, and no apparent relationship to the remaining Counts in the Indictment.  Thus, even after examining the alleged "obstruction" documents, Mr. Bekritsky has no way of knowing how the mere failure to produce these particular documents, without more, evinces a "corrupt" intent to obstruct justice by Mr. Bekritsky.

Further confusing the issues raised by Count 30 of the Indictment is the government's assertion in its letter of July 31, 2006 that in addition to the aforementioned "obstruction" documents, the government may rely on additional, unidentified documents to prove Mr. Bekritksy's obstructive conduct.  Despite requests from Mr. Bekritsky, the government has failed to identify any of these other alleged "obstruction" documents, or how the failure to produce these other documents evinces a "corrupt" intent to obstruct justice by Mr. Bekritksy.  Without identifying any of these "additional documents," Mr. Bekritsky has plainly not

176333.1

been "adequately apprised…of that which he must be prepared to meet." *United States v. Russell*, 369 U.S. 749, 763-64 (1962)

The Instant Motion requests this Court to Order the government to provide specific, targeted clarifications concerning Count 30 of the Indictment. In making these requests, we are not seeking "wholesale discovery of the government's evidence," *Eisenberg*, 773 F.Supp. at 689, or asking the government to "divulge the entirety of its case prior to trial." *United States v. Zolp*, 659 F. Supp. 692, 706 (D.N.J. 1987). Instead, each of these requests is designed to clarify the patent defects in Count 30 of the Indictment, and to eliminate the very real risk that in the absence of clarification, Mr. Bekritsky will be forced to defend himself at trial for that Count against allegations that were never made known to him prior to trial. The requested particulars will help avert this risk.

13

176333.1

## CONCLUSION

For the foregoing reasons, as well as those advanced by Defendants Richard

Stadtmauer and Marci Plotkin in their respective Motions for a Bill of Particulars,

the government should be directed to provide a bill of particulars in full to each

request specified in this Motion.


Respectfully submitted,

DORNBUSH SCHAEFFER STRONGIN
& VENAGLIA, LLP

By:_____

Richard Schaeffer
Brian Rafferty
747 Third Avenue
New York, New York 10017
(212) 759-3300 Telephone
(212) 753-7673 Facsimile
Attorneys for Stanley Bekritsky

14

176333.1