UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------------x
UNITED STATES OF AMERICA,

vs.

MARCI PLOTKIN
STANLEY BEKRITSKY
RICHARD STADTMAUER
ANNE AMICI

      Defendants.
------------------------------------------------------------x

: Hon. Jose L. Linares
:
: Crim. No. 05-249 (JLL)
:
: **Oral Argument Requested**

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF DEFENDANT STANLEY BEKRITSKY'S MOTION TO
DISMISS COUNT 30 OF THE SUPERSEDING INDICTMENT**

**DORNBUSH SCHAEFFER
STRONGIN & VENAGLIA, LLP**
Richard Schaeffer
Brian Rafferty
747 Third Avenue
New York, New York 10017
(212) 759-3300
(212) 753-7673 Facsimile
Attorneys for Stanley Bekritsky

Dated:  March 5, 2007

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................................. ii

**PRELIMINARY STATEMENT** ........................................................................... 1

    I.    Count 30 of the Superseding Indictment is Legally Insufficient and Must Therefore be Dismissed. ............................... 2

        A.    Count 30 Fails to Adequately Allege Affirmative, Wrongful Conduct to Obstruct Justice by Mr. Bekritsky. ......................................................... 2

        B.    The Government's Post-Indictment Disclosures Do Not Cure the Fatal Deficiencies in Count 30 of the Superseding Indictment. ............................................... 7

**CONCLUSION** ................................................................................................... 10

177199.1

# TABLE OF AUTHORITIES

**Cases** ...................................................................................................**Page(s)**

*United States v. Davis*,
   752 F. 2d 963 (5th Cir. 1985)................................................................... 5

*United States v. Rankin*,
   870 F.2d 109 (3d Cir. 1989) .................................................................. 3, 6

*United States v. Ruggiero*,
   934 F.2d 440 (2nd Cir. 1991)................................................................... 5

*United States v. Schwartz*,
   1999 U.S. Dist. LEXIS 33 (S.D.N.Y. January 7, 1999)......................... 4

*United States v. Schwimmer*,
   649 F. Supp. 544 (E.D.N.Y. 1986) .......................................................... 3

*United States v. Shoup*,
   608 F.2d 950 (3d Cir. 1979) ................................................................. 3, 4

*United States v. Weiss*,
   491 F.2d 460 (2nd Cir. 1974)................................................................ 4, 5

177199.1

## PRELIMINARY STATEMENT

Defendant Stanley Bekritsky, through undersigned counsel, hereby submits this Reply Memorandum of Law in further support of his Motion to Dismiss Count 30 of the Superseding Indictment.

In his Motion to Dismiss Count 30 of the Superseding Indictment, Defendant Stanley Bekritsky demonstrated that from the bare allegations in Count 30, Mr. Bekritsky has no way of knowing how he "corruptly" obstructed the federal grand jury investigation, and that Count 30 therefore fails to satisfy the requirements of the Fifth and Sixth Amendments and must be dismissed.

In its opposing Memorandum of Law ("Govt. Br." or "Brief"), the Government unsuccessfully argues that Count 30 is sufficient notwithstanding the absence of any factual allegations of affirmative, wrongful conduct by Mr. Bekritsky. To support this dubious contention, the Government cites to a series of cases that involve factual allegations of patent acts of obstruction, the kind of factual allegations that are <u>absent</u> from Count 30 of the Superseding Indictment.

Next, in an unavailing effort to show that Count 30 of the Superseding Indictment is sufficient, the Government contends that the its post-indictment disclosures of the alleged "obstruction" documents, along with information about the "skeletons" that the Government contends were allegedly not disclosed,

sufficiently apprises Mr. Bekritsky of the charges against him. In this regard, the Government's Brief is misleading, as it omits critical facts concerning the "skeletons," and certainly does nothing to cure the patent and fatal defects in Count 30 of the Superseding Indictment.

In sum, contrary to the arguments in the Government's Brief, Count 30 of the Superseding Indictment does not satisfy the requirements of the Fifth and Sixth Amendments, and must therefore be dismissed.

### I. Count 30 of the Superseding Indictment is Legally Insufficient and Must Therefore be Dismissed.

#### A. Count 30 Fails to Adequately Allege Affirmative, Wrongful Conduct to Obstruct Justice by Mr. Bekritsky.

Not surprisingly, the Government has failed to cite a single case in support of its contention that Count 30 is sufficient that is remotely similar to the facts presented in Count 30 of the Superseding Indictment, in which there are no factual allegations of affirmative, wrongful conduct by Mr. Bekritsky to obstruct justice. Instead, the Government cites to a series of cases in which the charge of Obstruction of Justice was held sufficient because the defendant engaged in stark, purposeful and unmistakable acts of obstruction. A review of those cases cited by the Government plainly demonstrates the insufficiency of Count 30 of the Superseding Indictment.

In the first case cited in the Government's Brief, *United States v. Rankin*, 870 F.2d 109 (3d Cir. 1989), the Defendants were charged with Obstruction of Justice for submitting false affidavits in connection with the Defendant Kevin Rankin's request that a trial judge be recused from the matter. In the allegedly false affidavits, the Defendants claimed that during an earlier trial, the trial judge "chased Kevin Rankin around parts of the courtroom, as well as poked, shoved, and struck him, and interrupted, belittled, and humiliated defense witnesses." *Id.* at 110-111. The challenged Obstruction Count in *Rankin* reincorporated language from Count One of the Indictment charging Perjury, providing both background and the specific portions of the affidavit which were alleged to be false and which allegedly obstructed justice.

In *United States v. Schwimmer*, 649 F. Supp. 544 (E.D.N.Y. 1986), another case cited in the Government's Brief, the Defendant was charged with Obstruction of Justice for causing the creation of a false and fabricated document, and submitting that false document to a Special Grand Jury. Plainly, the affirmative conduct of the Defendant, in creating and fabricating a document that was submitted to a Special Grand Jury, sufficiently alleged how the defendant obstructed justice.

In *United States v. Shoup*, 608 F.2d 950 (3d Cir. 1979), the Defendant was charged with Obstruction of Justice for falsifying a report he prepared at the

request of the United States Attorney's Office, and submitting the falsified report to a Grand Jury. Similar to the facts in *Schwimmer*, the Defendant in *Shoup* took clear, affirmative steps to obstruct, and it was those steps which formed the basis of the charge of Obstruction of Justice.

In *United States v. Schwartz*, 1999 U.S. Dist. LEXIS 33 (S.D.N.Y. January 7, 1999), the Defendants, both attorneys and accountants, were charged with Obstruction of Justice for withholding and destroying portions of two notebooks provided to the Defendants by a coconspirator, which were responsive to federal grand jury subpoenas and which would have implicated the Defendants in a tax fraud scheme. The Defendants' alleged obstruction consisted of withholding the notebooks, destroying one notebook entirely and tearing out pages of another, because the notebooks reflected illegal payments made by the coconspirator to the Defendants which implicated the Defendants in the tax fraud conspiracy.

In *United States v. Weiss*, 491 F.2d 460 (2nd Cir. 1974), the Defendants were charged with Obstruction of Justice for traveling to Hong Kong to obtain incriminating documents, transporting those documents to Switzerland and, with the exception of a single document, the incriminating documents were never recovered or turned over to the Grand Jury.[1]

---

[1] In *Weiss*, the Court denied the defendants' challenges to the sufficiency of the indictment and to the defendants' convictions, but recognized that the term "corruptly" as used in the Obstruction of Justice statute requires proof of more than

4

In *United States v. Davis*, 752 F. 2d 963 (5th Cir. 1985), the Defendant was charged with Obstruction of Justice for removing documents from the Defendant's office and transporting those documents to the Defendant's home immediately after the Defendant learned of the federal grand jury investigation.

Finally, in *United States v. Ruggiero*, 934 F.2d 440 (2nd Cir. 1991), the Defendants were charged with Obstruction of Justice for, among other things, clearing out a residence, failing to turn over documents, destroying documents and liquidating assets all in an effort to thwart a federal grand jury investigation into the Defendants' efforts to harbor a fugitive from justice.

In sum, in each case cited by the Government in support of its contention that Count 30 is sufficient, the defendant was charged with Obstruction of Justice for blatant acts of obstruction, where there was no doubt about how the defendant allegedly obstructed justice. Here, in contrast to those cases cited by the Government, neither Count 30 of the Superseding Indictment, nor the

---

*(continued)* mere failure to produce the documents." *Weiss*, 491 F.2d at 466. Moreover, the Court faulted the defendants for failing to demand "further details as to the conduct constituting the alleged "corrupt" endeavor to obstruct the investigation," and noted that when the defendants first moved to dismiss the charge of Obstruction of Justice, the government outlined its proof as to that count within a day after the filing of the motion." *Id.* Here, in response to our Motion to Dismiss Count 30 of the Superseding Indictment, the government provided no further details about Count 30, and in response to a separate Motion for a Bill of Particulars as to how Mr. Bekritsky "corruptly" obstructed justice as alleged in Count 30 of the Superseding Indictment, the government flatly refused to provide the requested information.

Government's Brief, provide any factual allegations of affirmative, wrongful conduct by Mr. Bekritsky to obstruct justice. Indeed, Count 30 of the Superseding Indictment does not allege that Mr. Bekritsky <u>did</u> anything or <u>said</u> anything with respect to the documents allegedly not produced in response to the federal grand jury subpoenas. Absent such factual allegations, Mr. Bekritsky has no way of knowing how he "corruptly" obstructed justice, and Count 30 must be dismissed.

Contrary to the Government's argument, Mr. Bekritsky's argument in this regard is <u>not</u> "an attempt to superimpose on the obstruction of justice statute the same special pleading rule that the Third Circuit rejected in *Rankin*." Govt. Br. at 34. Instead, it reflects the plain defects of Count 30 of the Superseding Indictment in view of the undisputed facts here: (1) that Mr. Bekritsky attempted to comply with the federal grand jury subpoenas by assisting in producing hundreds of thousands of documents on behalf of Schonbraun Safris McCann & Bekritsky & Co., LLC ("SSMB") prior to the execution of the search warrant, and (2) that the alleged "obstruction" documents at issue here are not incriminatory on their face and have nothing to do with the underlying conspiracy and tax counts alleged in the Superseding Indictment. Given these undisputed facts, the bare allegations in Count 30 of the Superseding Indictment, which include no allegations of affirmative, wrongful conduct by Mr. Bekritsky, simply do not adequately apprise

6

177199.1

Mr. Bekritsky of the charges against him, and Count 30 should therefore be dismissed.

### B. The Government's Post-Indictment Disclosures Do Not Cure the Fatal Deficiencies in Count 30 of the Superseding Indictment.

The Government next claims that Count 30 is sufficient because, in addition to the allegations in the Superseding Indictment, the Government has provided copies of the alleged "obstruction" documents to the Defendants, and informed counsel for Mr. Bekritsky and counsel for Ms. Plotkin that "as to the Kushner Companies 'skeletons,' counsel for SSMB had specifically told the government that no such documents were located at SSMB and that its assurance in this regard was based on representations made by defendants." Govt. Br. at 33. The Government's disclosure of this information about the "skeletons" omits critical facts, and, contrary to the suggestion of the Government, these post-indictment disclosures certainly do not cure the patent defects in Count 30 of the Superseding Indictment.

First, the Government fails to disclose that the "skeletons" that were allegedly not produced in response to the federal grand jury subpoenas were not found in Mr. Bekritsky's office, but were instead found in a public file cabinet in

7

177199.1

the offices of SSMB.[2] Neither the Superseding Indictment, nor the Government's Brief, establishes any connection between Mr. Bekritsky and the particular "skeletons" found in this public file cabinet. Absent such a connection, Mr. Bekritsky has no way of knowing how he "corruptly" obstructed justice in connection with SSMB's alleged failure to produce these particular "skeletons" in response to the federal grand jury subpoenas.

Second, the Government fails to disclose that prior to the execution of the search warrant, SSMB did, in fact, produce Kushner Companies' "skeletons" in response to the federal grand jury subpoenas.[3] Given that "skeletons" were produced in response to the federal grand jury subpoenas, it is impossible for Mr. Bekritsky to ascertain how he "corruptly" obstructed justice in connection with other "skeletons" that were allegedly not produced by SSMB in response to the federal grand jury subpoenas.

Finally, although the Government at least attempts in its Brief to show how Mr. Bekritsky "corruptly" obstructed justice in connection with these "skeletons", the Government makes no such attempt with respect to the thousands of other additional documents that it contends were not produced in response to the federal

---

[2] Copies of the "skeletons" that the Government contends were not produced in response to the federal grand jury subpoenas are attached hereto as Exhibits "A" and "B".

[3] Copies of the "skeletons" that were produced in response to the federal grand jury subpoenas are attached hereto as Exhibits "C", "D" and "E".

8

grand jury subpoenas. With respect to these others documents, which were found in the cubicle of Angela Mazzo, the office of Ms. Plotkin, and the office of Mr. Bekritsky, and which have nothing to do with the allegations contained in Counts 1 through 25 of the Superseding Indictment, the Government's Brief makes no effort to connect Mr. Bekritsky to these documents, and no attempt to show how Mr. Bekritsky "corruptly" obstructed justice by SSMB's failure to disclose these documents in response to the federal grand jury subpoenas. Plainly, the failure to include any factual allegations showing that Mr. Bekritksy <u>did</u> anything or <u>said</u> anything about these documents is fatal to Count 30 of the Superseding Indictment.

## **CONCLUSION**

For the foregoing reasons, and for the reasons set forth in Mr. Bekritsky's opening memorandum of law, Count 30 should be dismissed.

Dated:       New York, New York
             March 5, 2007

                                          Respectfully Submitted,

                                          **DORNBUSH SCHAEFFER
                                          STRONGIN & VENAGLIA, LLP**

              By:    _____
                                          Richard Schaeffer
                                          Brian Rafferty
                                          747 Third Avenue
                                          New York, New York  10017
                                          Telephone: (212) 759-3300
                                          Facsimile:  (212) 753-7673
                                          Attorneys for Stanley Bekritsky

177199.1