RECEIVED
MAR 12 2007
AT 8:30 4:30 PM
WILLIAM T. WALSH, CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MARCI PLOTKIN, STANLEY BEKRITSKY, RICHARD STADTMAUER and ANNE AMICI,<br><br>Defendants. | Case Number: 2:05-cr-05-249 |

**BRIEF OF WALTER F. TIMPONE, ESQ.
IN SUPPORT OF MOTION TO QUASH SUBPOENA**

McELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962-2075
(973) 993-8100
Attorneys for Walter F. Timpone, Esq.

## TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………………….. ii

INTRODUCTION………………………………………………………………….. 1

LEGAL ARGUMENT……………………………………………………………... 1

    THE DOCUMENTS AND TESTIMONY SOUGHT
    BY STADTMAUER ARE PROTECTED BY THE
    WORK PRODUCT DOCTRINE AND, ACCORDINGLY,
    THE SUBPOENA SHOULD BE QUASHED………………………………… 1

    CONCLUSION………………………………………………………………. 3

# TABLE OF AUTHORITIES

**Cases**

Haines v. Liggett Group, Inc.,
   975 F.2d 81, 94 (3d Cir. 1992) ..................................................................................2
Hickman v. Taylor,
   329 U.S. 495 (1947) ..................................................................................................2
In re Cendant Corp. Securities Litigation,
   343 F.3d 658 (3d Cir. 2003) ......................................................................................2
In re Grand Jury Investigation,
   599 F.2d 1224, 1231 (3d Cir. 1979) ..........................................................................2
Sporck v. Peil,
   759 F.2d 312 (3d. Cir.), cert. denied, 474 U.S. 903 (1985) ......................................2
United States v. Nobles,
   422 U.S. 225 (1975) ..................................................................................................2
Upjohn Co. v. United States,
   449 U.S. 383, 399 (1981) ..........................................................................................2
Westinghouse Electric Corp. v. The Republic of Phillipines,
   951 F.2d 1414, 1428 (3d Cir. 1991) ..........................................................................2

**Rules**

Fed.R.Civ.P. 26(b)(3) ..........................................................................................................1

## INTRODUCTION

This motion seeks to quash a subpoena issued to Walter F. Timpone, Esq. by Robert S. Fink, Esq., who represents Richard Stadtmauer. Timpone represented Scott Zecher in a separate criminal proceeding that, upon information and belief, arose from some of the same transactions and conduct that underlie the action before the Court. Zecher accepted a plea agreement in the related matter which bears docket number 06-cr-116 (JLL). The subpoena seeks to compel Timpone to appear before the Court on April 7, 2007 and to bring with him:

> Any and all documents in [his] possession, custody or control (including without limitation notes and memoranda) relating to communications between Scott Zecher and any agents or employees of the United States government.

(Since the subpoena was issued, the trial date has been adjourned to April 16, 2007).

The apparent intent of the subpoena is to compel Timpone to testify and produce notes regarding a meeting with the government.

Timpone seeks to quash the subpoena on grounds that it encroaches on the attorney work product doctrine.

## LEGAL ARGUMENT

### THE DOCUMENTS AND TESTIMONY SOUGHT BY STADTMAUER ARE PROTECTED BY THE WORK PRODUCT DOCTRINE AND, ACCORDINGLY, THE SUBPOENA SHOULD BE QUASHED

Fed.R.Civ.P. 26(b)(3) provides:

> a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or

1

> agent) <u>only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.</u>

(emphasis added) <u>Upjohn Co. v. United States</u>, 449 <u>U.S.</u> 383, 399 (1981) (requiring an attorney to turn over notes of witness statements "is particularly disfavored because it tends to reveal the attorney's mental processes"); <u>Hickman v. Taylor</u>, 329 <u>U.S.</u> 495 (1947); <u>In re Cendant Corp. Securities Litigation</u>, 343 <u>F.3d</u> 658 (3d Cir. 2003). As the Third Circuit noted in <u>Cendant Corp.</u>:

> memoranda summarizing oral interviews . . . may indirectly reveal the attorney's mental processes, his opinion work product . . . Special considerations . . . must shape any ruling on the discoverability of interview memoranda like those at issue in this cse. The result we believe, is exactly that contemplated in Hickman; such documents will be discoverable only in a rare situation.

343 <u>F.3d</u> at 664 (quoting <u>In re Grand Jury Investigation</u>, 599 <u>F.2d</u> 1224, 1231 (3d Cir. 1979)). <u>Westinghouse Electric Corp. v. The Republic of Phillipines</u>, 951 <u>F.2d</u> 1414, 1428 (3d Cir. 1991) ("[T]he work product doctrine promotes the adversary system directly by protecting the confidentiality of papers prepared by or on behalf of attorneys in anticipation of litigation. Protecting attorneys' work product promotes the adversary system by enabling attorneys to prepare cases without fear that their work product will by used against their clients."); <u>Haines v. Liggett Group, Inc.</u>, 975 <u>F.2d</u> 81, 94 (3d Cir. 1992); <u>Sporck v. Peil</u>, 759 <u>F.2d</u> 312 (3d. Cir.), <u>cert. denied</u>, 474 <u>U.S.</u> 903 (1985) ("The work product doctrine . . . 'shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case.'") (quoting <u>United States v. Nobles</u>, 422 <u>U.S.</u> 225 (1975)).

The attorney notes sought via subpoena are clearly protected by the work product doctrine. Given the procedural posture, Stadtmauer has merely issued a subpoena, but made no showing of a "substantial need" for Timpone's notes or testimony. Stadtmauer also has not demonstrated the unavailability of the information from other sources. If, in his opposition to this motion, Stadtmauer attempts to make the requisite showings, then Timpone will address the arguments in his reply submission.

## CONCLUSION

For the foregoing reasons, Timpone seeks an order quashing the subpoena served upon him by Stadtmauer.

Respectfully submitted,

McELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP
Attorneys for Walter F. Timpone, Esq.

By: _____
John T. Coyne, Esq.

Dated: 3/12/07

916120

4