UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>MARCI PLOTKIN, STANLEY BEKRITSKY, RICHARD STADTMAUER and ANNE AMICI,<br><br>        Defendants. | Case Number: 2:05-cr-05-249 |

**REPLY BRIEF OF WALTER F. TIMPONE, ESQ.
IN FURTHER SUPPORT OF MOTION TO QUASH SUBPOENA**

McELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, NJ  07962-2075
(973) 993-8100
Attorneys for Walter F. Timpone, Esq.

TABLE OF CONTENTS

LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

TABLE OF AUTHORITIES

**Cases**
In re Grand Jury Investigation,
   599 F.2d 1224, 1233 (3d Cir. 1979) ........................................................................................1

Office of Thrifty Supervision v. Vinson & Elkins, LLP,
   124 F.3d 1304 (D.C. Cir. 1987)..............................................................................................2

## LEGAL ARGUMENT

Walter F. Timpone, Esq. submits this reply brief in further support of his motion to quash the subpoena issued by defendant Richard Stadtmauer.

In his opposition to the motion, Stadtmauer does not dispute that Timpone's notes are attorney work product. He expresses doubt about whether the notes qualify as "core" or opinion work product, suggesting that because Timpone was not conducting the interrogation of Scott Zecher, his notes likely do not fall into the category of "opinion" work product. As numerous courts have recognized, an attorney's thought process may be revealed explicitly by the words he writes or implicitly by his choice of subjects about which to make notes.

Timpone submits, however, that the classification of the notes is immaterial because Stadtmauer has not made the showings necessary to compel the disclosure of any work product. As Stadtmauer concedes, it is his obligation to show a substantial need for the notes and the unavailability of the information from other sources.

On the substantial need issue, Stadtmauer asserts some desire for the notes for impeachment of Zecher's anticipated testimony. He, of course, can only speculate about the potential utility of the notes for impeachment purposes. More significantly, Stadtmauer cites only an unreported decision of a District Court in another Circuit in support of the proposition that the possible usefulness of attorney notes during impeachment qualifies as a "substantial need". Reported authority, however, holds to the contrary. See also In re Grand Jury Investigation, 599 F.2d 1224, 1233 (3d Cir. 1979) ("We do not believe . . . that the desire to impeach or corroborate a witness's testimony, by itself, would ever overcome the [work product]

1

protection afforded the interview memoranda."); Office of Thrifty Supervision v. Vinson & Elkins, LLP, 124 F.3d 1304 (D.C. Cir. 1987).

On the unavailability issue, Stadtmauer concedes facts which are fatal to his motion. He claims to be interested in Timpone's notes only for their transcription of the government's interviews with Zecher. Precisely the same information is available from the government. Apparently, Stadtmauer has obtained some of the government's notes and has moved to compel production of additional notes. In light of the foregoing, it is clear that Stadtmauer cannot meet the second prong of the showing he must make to overcome the work product protection of Timpone's notes.

Additionally, Stadtmauer argues that Zecher will suffer no prejudice from production of Timpone's notes. Stadtmauer, however, cites no authority for the proposition that an absence of prejudice to a represented party relaxes the showing the must be made to overcome the work product privilege.

Stadtmauer also suggests that the inquiry distills to a balancing test, which he gratuitously frames as a comparison of his own fundamental liberty interest against Zecher's negligible interest in avoiding impeachment. The issue, however, does not reduce to some amorphous balancing test. The work product doctrine affords far stronger protection than such a test would provide. Additionally, if the relative interests of the parties are to factor into the analysis, Zecher's own liberty interest remains uncertain. Though he has entered a plea agreement, sentencing has not taken place. Until it does, Zecher has a strong interest in zealous and unfettered legal representation by Timpone.

2

It would be, to put it mildly, unsettling if courts were to countenance attempts to obtain an attorney's notes for the avowed purpose of using the notes to attack the credibility of the attorney's client. The practice undoubtedly would cause attorneys to edit their own notetaking and distract them from the primary object of their representation. Stadtmauer has made no showing of any particularized need for the notes in this case. If the arguments offered by Stadtmauer were to carry the day, similar notes of counsel for any cooperating witness would be vulnerable to subpoena. This would mark a radical departure from common practice and the precedent should not be set in the context of this case.

## Conclusion

For the foregoing reasons and for the reasons expressed in his moving papers, Timpone requests that the subpoena issued by Stadtmauer be quashed.

                                                      Respectfully submitted,

                                                     McELROY, DEUTSCH, MULVANEY
                                                          & CARPENTER, LLP
                                                  Attorneys for Walter F. Timpone, Esq.

                                                 By: _____
                                                      John T. Coyne, Esq.

Dated: March 29, 2007

927051

# McElroy, Deutsch, Mulvaney & Carpenter, LLP
### ATTORNEYS AT LAW

1300 MOUNT KEMBLE AVENUE
P.O. BOX 2075
MORRISTOWN, NEW JERSEY 07962-2075
(973) 993-8100
FACSIMILE (973) 425-0161

JOHN T. COYNE
Direct dial: (973) 425-8740
jcoyne@mdmc-law.com

March 29, 2007

William T. Walsh, Clerk
United States District Court
Martin Luther King, Jr. Federal Bldg.
 & Courthouse
50 Walnut Street
Newark, NJ 07102

RE: **United States of America v. Marci Plotkin, et als.**
**Case No. 2:05-cr-05-249**

Dear Sir/Madam:

This firm represents Walter F. Timpone, Esq. Enclosed are an original and one copy of Reply Brief of Walter F. Timpone, Esq. in Further Support of Motion to Quash Subpoena.

A courtesy copy been mailed to The Honorable Jose L. Linares, U.S.D.J.

Very truly yours,

McElroy, Deutsch, Mulvaney & Carpenter, LLP

John T. Coyne

JTC:rm
cc: The Honorable Jose L. Linares, U.S.D.J.
    All Counsel on attached list
927259

COUNSEL LIST

Counsel for Plaintiff,
United States of America
Thomas J. Eicher, Esq.
U.S. Attorney's Office
970 Broad Street
Newark, NJ 07102

Rachael Honig, Esq.
Office of the U.S. Attorney
970 Broad Street
Newark, NJ 07102

Scott A. Resnik, Esq.
Katten, Muchin & Rosenman, LLP
575 Madison Avenue
14th Floor
New York, NY 10022


Counsel for Defendant,
Richard Stadtmauer
Robert S. Fink, Esq.
Kostelanetz & Fink, LLP
530 5th Avenue, 22nd Fl.
New York, NY 10036


Counsel for Defendant,
Marci Plotkin
K. Roger Plawker, Esq.
Walder, Hayden & Brogan, P.A.
5 Becker Farm Road
Roseland, NJ 07068

Lin Claire Solomon, Esq.
Walder Hayden & Brogan, P.A.
5 Becker Farm Road
Roseland, NJ 07068

Justin P. Walder, Esq.
Walder, Hayden & Brogan, PA
5 Becker Farm Road
Roseland, NJ 07068

Counsel for Defendant,
<u>Anne Amici</u>
Edward J. Plaza, Esq.
Weir & Plaza, LLC
321 Broad Street
Red Bank, NJ 07701


Counsel for Defendant
<u>Stanley Bekritsky</u>
Richard J. Schaeffer, Esq.
Dornbush Mensch Mandelstam & Venaglia, LLP
747 Third Avenue
New York, NY  10017


<u>Counsel for Walter F. Timpone, Esq.</u>
John T. Coyne, Esq.
McElroy, Deutsch, Mulvaney & Carpenter, LLP
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, NJ 07960