RECEIVED-CLERK
U.S. DISTRICT COURT

2007 OCT 19 A 11: 23

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Case Number: 2:05-cr-05-249

UNITED STATES OF AMERICA,

        Plaintiff,                         Oral Argument Requested

vs.

MARCI PLOTKIN, STANLEY
BEKRITSKY, RICHARD
STADTMAUER and ANNE AMICI,

        Defendants.

---

### BRIEF OF MURRAY KUSHNER
### IN SUPPORT OF MOTION TO QUASH SUBPOENA

---

STERN & KILCULLEN, LLC
75 Livingston Avenue
Roseland, New Jersey 07068
(973) 535-1900
Attorneys for Murray Kushner

# TABLE OF CONTENTS

**INTRODUCTION** ........................................................................................................ 1

**BACKGROUND** ......................................................................................................... 1

**THE SUBPOENA** ...................................................................................................... 2

**ARGUMENT** .............................................................................................................. 4
    THE SUBPOENA SHOULD BE QUASHED ............................................................ 4

**CONCLUSION** ........................................................................................................... 5

## **TABLE OF AUTHORITIES**

**Cases**

U.S. v. RW Professional Leasing Service Corp., 228 F.R.D. 158, 162 (E.D.N.Y. 2005) .. 5

United States v. Cuthbertson, 630 F.2d 139, 144 (3d Cir. 1980) ........................................ 4

United States v. King, 164 F.R.D. 542, 546 (D. Kan. 1996) .............................................. 4

United States v. Morris, 287 F.3d 985, 991 (10th Cir. 2002) ............................................. 5

**Statutes**

Fed. R. Crim. P. (7)(c) ................................................................................................... 1, 4

## INTRODUCTION

This motion seeks to quash a subpoena issued to Murray Kushner ("Murray") by Robert S. Fink, Esq. who represents the defendant, Richard Stadtmauer, pursuant to Rule 17(c) of the Federal Rules of the Criminal Procedure. The subpoena seeks, for a fourteen year period, not only <u>all</u> of the records of 29 real estate partnerships of which Murray is, or entities controlled by him are, the managing partner but also his personal records, including personal tax returns and bank records, if they "relate" to these entities (Exhibit A). The subpoena should not only be quashed because it is extraordinarily oppressive and burdensome, but also because it requests documents that are irrelevant to this proceeding. Moreover, the subpoena is nothing more than a pattern of harassment by Stadtmauer that has been going on for many years, which by itself warrants quashing the subpoena.

## BACKGROUND

Charles and Murray Kushner, as brothers, had a close relationship which extended to many business dealings. Accordingly, they, members of their families, as well as other persons, entered into real estate projects in New York, New Jersey and elsewhere, some of which Charles was the managing partner, 109 entities ("CK Entities"), and others where Murray was the managing partner, 29 entities ("MK Entities"). The defendant, Richard Stadtmauer ("Stadtmauer"), is Charles' brother-in-law (unrelated to Murray) and his right hand man who has run the CK Entities on a daily basis.

In April of 1999, the brothers had a parting of the ways. After they parted, Charles would not allow Murray to review the books and records of the CK entities, and

1

he also ceased making monthly and other distributions to which Murray and his family were entitled.

After approximately 2-1/2 years of futile efforts to review the records of the CK Entities and obtain the distributions to which he and his family were entitled, Murray filed suit in the Chancery Court in Hudson County, only requesting access to the CK Entities' records. The parties then agreed to resolve their dispute by a private arbitration. Though the arbitration was hotly contested, the parties eventually settled their dispute under the auspices of the Chancery Court and went their separate ways.

However, beginning in August of 2005 and continuing until the spring of 2006, Stadtmauer made <u>four</u> separate applications to the Chancery Court in Hudson County to allow him to make use of Murray's confidential and personal financial records in connection with the investigation then being conducted by the United States Attorney's Office relating to Stadtmauer and which resulted in these proceedings. The Chancery Court repeatedly denied Stadtmauer's applications and refused to allow Stadtmauer to make use of Murray's private confidential records.

## THE SUBPOENA

Stadtmauer now wishes to continue his harassment of Murray and his family which, as described above, has been going on for many years.

Stadtmauer has issued subpoenas not only to Murray but also to Murray's accountants and his partner. These subpoenas request the complete records of all the MK Entities, as well as additional entities controlled by Murray, including all tax records, work papers, financial statements, bank statements, loans, expenditures, and the like as

well as Murray's personal tax returns and bank records, and all records "which reflect or are related to the tax liabilities" of Murray for the period January 1, 1990 through December 31, 2003, even though the indictment only covers the period from 1997 to April 2003. Stadtmauer had little or no interest in most of these entities, having had a nominal interest in just five of the MK Entities.

In his application to this Court requesting the subpoena, Stadtmauer claimed that Murray's records were relevant to his defense because the government had "advised counsel that it believed that alleged conspiracy was not motivated by a desire to evade taxes . . . but instead by a wish to defraud Murray Kushner." Memorandum in Support of Stadtmauer's Motion for an Issuance of Subpoenas, Document 61-2, page 16. Stadtmauer argued that Murray and other partners of the CK real estate partnerships were aware of and approved of the business practices of Stadtmauer because they were the same or similar to those of the MK entities, and if Murray and the other partners "used these same methods themselves, there was nothing to disguise from them." Document 61-2, Page 17.

First, it should be noted that neither Murray nor any members of his family has been notified that they will be witnesses in this case. Furthermore, the indictment charged Stadtmauer with participating in a conspiracy to impede and impair the functions of the Internal Revenue Service and to aid and assist in the preparation of filing false tax returns, not with defrauding Murray. Finally, it is inconceivable that it would be relevant to Stadtmauer's defense and appropriate for a jury to hear, how a non-party, who is not even a witness in the case, conducted his business under the theory that if Murray did

3

something improper that would somehow exonerate the filing of false tax returns by some other person - - Stadtmauer.

## ARGUMENT

### THE SUBPOENA SHOULD BE QUASHED.

Rule 17(c)(2) allows for the quashing of a subpoena "if compliance would be unreasonable or oppressive."

There can be little doubt that a subpoena requesting the entire records of at least 29 business entities, and the personal and highly confidential records of Murray having nothing to do with this indictment, for a 14 year period, is unreasonable and oppressive. Further, a party requesting production or inspection of documents must show that the documents are relevant, admissible and have been specifically identified. "The test for enforcement is whether the subpoena constitutes a good faith effort to obtain identified evidence rather than a general 'fishing expedition' that attempts to use the rule as a discovery device." United States v. Cuthbertson, 630 F.2d 139, 144 (3d Cir. 1980).

The mere hope that a subpoena may turn up something useful is the essence of the improper "fishing expedition". See United States v. King, 164 F.R.D. 542, 546 (D. Kan. 1996) ("Rule 17 was not intended to provide the defendant a mechanism by which to troll the waters of the sea's otherwise undiscoverable material in the small hope that something beneficial might rise to the surface."); United States v. Morris, 287 F.3d 985, 991 (10th Cir. 2002). ("Courts have held that requests for an entire file are evidence of an impermissible fishing expedition.") Stadtmauer has certainly failed this test by making such a broad and over-generalized request.

Furthermore, in order to meet his burden, "the proponent has to show that the

4

documents sought are both relevant and admissible at the time of the attempted procurement. The fact that they are potentially relevant or may be admissible is not sufficient." U.S. v. RW Professional Leasing Service Corp., 228 F.R.D. 158, 162 (E.D.N.Y. 2005).[1] It is inconceivable that the voluminous personal and business documents of entities and persons having nothing to do with the tax fraud charged here are relevant to this case, let alone admissible.

## CONCLUSION

As set forth above, these subpoenas are nothing more than a continuation of the harassment by Stadtmauer of Murray and his family that has been ongoing for many years. It should not be countenanced and the subpoena should be quashed.

Respectfully submitted,

Dated: October 19, 2007

By: _____
Jeffrey Speiser
Stern & Kilcullen, LLC
75 Livingston Avenue
Roseland, New Jersey 07068
(973) 535-1900
Attorneys for Murray Kushner

---

[1] This is in contrast to the Civil Rules which permit the issuance of a subpoena for documents which, although not themselves admissible, could lead to admissible evidence. Id.

5



AO89 (Rev. 7/95) Subpoena in a Criminal Case

# UNITED STATES DISTRICT COURT

DISTRICT OF **NEW JERSEY**

UNITED STATES OF AMERICA

V.

MARCI PLOTKIN, STANLEY BEKRITSKY, RICHARD STADTMAUER, and ANNE AMICI

**SUBPOENA IN A CRIMINAL CASE**

Case Number: 05-249

TO: MURRAY KUSHNER
4 Vista Terrace
Livingston, NJ 07039

☒ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below, or any subsequent place, date and time set by the court, to testify in the above referenced case. This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| PLACE | COURTROOM |
|---|---|
| Martin Luther King Building & U.S. Courthouse<br>50 Walnut Street<br>Newark, NJ 07101 | 5D |
| | DATE AND TIME |
| | 10/22/2007 8:00 a.m. |

☒ YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

See the attached Rider.

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT | DATE |
|---|---|
| **WILLIAM T. WALSH**<br>(By) Deputy Clerk<br>*[signature]* | 9/24/2007 |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:
Robert S. Fink, Esq.
Kostelanetz & Fink, LLP, 530 Fifth Avenue, New York, NY 10036
(212) 808-8100

RIDER

Any and all records in your possession, custody or control relating to the entities listed in Schedule A for the period from 1/1/90 to 12/31/03, including but not limited to the following:

1. Retained copies of federal tax returns (e.g., Forms 1040, 1041, 1065, 1120S, 1120, including all forms K-1 and related attachments, etc.);

2. General ledgers, bank reconciliations, working trial balances, account analyses, and adjusting journal entries;

3. Financial statements (including original copy signed by entity, and any related transmittals);

4. Correspondence files, billing records, notes, and memoranda;

5. Detailed lists of year-end accounts payable;

6. Bank statements, cancelled checks, deposit tickets and debit and credit memoranda;

7. Records of funds loaned and borrowed and/or repaid to, from, or by the entities listed in Schedule A, including to or from affiliates and partners/members;

8. Audit reports, as well as all Internal Revenue Service audit workpapers and correspondence;

9. Records of capital and personal expenditures, including records of capital accounts and/or capital contributions and distributions and all transfers of interest from inception;

10. Records of charitable and political contributions made by or on behalf of the entities listed in Schedule A or recorded as

1

such on books and records or tax returns of such entities;

11. Records of travel and entertainment expenses of the entities listed in Schedule A, or recorded as such on books and records or tax returns of such entities;

12. Records of professional fees paid by or on behalf of the entities listed in Schedule A, or recorded as such on books and records or tax returns of such entities;

13. Records of reimbursements to employees of or on behalf of the entities listed in Schedule A, or recorded as such on books and records or tax returns of such entities;

14. Records reflecting allocation of expenditures between the entities listed in Schedule A and other entities owned, directly or indirectly, by Murray Kushner;

15. Forms 1099 and W-2;

16. Partnership and/or operating agreements;

17. All other records not specifically enumerated above which reflect or are related to the tax liabilities of Murray Kushner in connection with the entities listed in Schedule A.

SCHEDULE A

1. 981 Management Company LLC

2. Jack Brothers Associates, LLC

3. Jamm Realty Corp.

4. Schenkman/Kushner Affiliates, Inc.

5. S/K Stouts Associates, LP

6. Westminster Builders, LLC

7. WVR, LLC

8. Any real estate partnerships or other entities, including management companies, of which Charles Kushner, any family member of Charles Kushner, and/or any trust of which Charles Kushner or any family member Charles Kushner is or was a beneficiary or trustee, had any ownership interest, either direct or indirect.