IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Case Number: 2:05-cr-05-249

UNITED STATES OF AMERICA,

        Plaintiff,                   Oral Argument Requested

vs.

MARCI PLOTKIN, STANLEY
BEKRITSKY, RICHARD
STADTMAUER and ANNE AMICI,

        Defendants.

REPLY BRIEF OF MURRAY KUSHNER
IN SUPPORT OF MOTION TO QUASH SUBPOENA

STERN & KILCULLEN, LLC
75 Livingston Avenue
Roseland, New Jersey 07068
(973) 535-1900
Attorneys for Murray Kushner

## **TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................. 1

    A.    There is No Basis for the Subpoena................................................................... 1

    B.    Breadth of the Subpoena ................................................................................... 2

    C.    Rule 17(c)(2) ..................................................................................................... 2

CONCLUSION ....................................................................................................................... 4

# TABLE OF AUTHORITIES

**Cases**

*In re Grand Jury Subpoena Duces Tecum to John Doe Corp.*, 570 F.Supp. 1476, 1479 (S.D.N.Y. 1983) ................................................................................................ 4

*In re Rabbinical Seminary Netzach Israel Ramilis*, 450 F. Supp. 1078 (S.D.N.Y. 1978) .. 5

*Jordache Enterprises, Inc. v. United States*, 86 Cr. Misc. (LLS), 1987 WL 9705, at *4 (S.D.N.Y. Apr. 14, 1987) ............................................................................................ 5

*United States v. Caruso,* 948 F. Supp. 382, 397 (D.N.J. 1996) ........................................... 5

*United States v. Morris*, 287 F.3d 985, 991 (10th Cir. 2002) ............................................... 4

*United States v. Noriega*, 764 F. Supp. 1480, 1493 (S.D. Fla.1991) ................................... 3

**Rules**

Fed. R. Crim. P. 16 ............................................................................................................ 5

Fed. R. Crim. P. 17(c) ....................................................................................................... 3

## INTRODUCTION

Murray Kushner ("Murray") submits this Reply in support of his motion to quash the subpoena served upon him by Defendant Richard Stadtmauer ("Stadtmauer"). In his opposition, Stadtmauer has failed to justify the need for the subpoena or its overwhelming breadth.

### A. There is No Basis for the Subpoena

In his Memorandum of Law in Opposition to Murray's motion to quash his subpoena, Stadtmauer argues that he should be allowed to rummage through Murray's personal and business records of more than 29 real estate partnerships ("MK Entities") for the purpose of possibly uncovering evidence that Murray may have engaged in activities similar to Stadtmauer. He asserts this is necessary to prove that Murray could not have been deceived about Stadtmauer's wrongdoings. Putting aside the specious assumption advanced by Stadtmauer (that because Murray may have engaged in *some* activities similar to Stadtmauer he must have been aware of Stadtmauer's wrongdoings and, therefore, could not have been deceived by Stadtmauer), the undisputed fact is that beginning no later than April of 1999 and continuing until today, during the bulk of the period covered by the indictment, Murray was cut off by his brother Charles Kushner ("Charles") and by Stadtmauer from receiving *any* information about the real estate partnerships that are at issue in this indictment ("CK Entities"). Since Murray did not know for years what Charles and Stadtmauer were doing with the CK Entities, let alone the allegations in the indictment, rummaging through Murray's records to possibly find some similar wrongdoings cannot possibly bear any light upon Stadtmauer's intent to deceive Murray about Stadtmauer's wrongdoings. It is also inconceivable that

1

Stadtmauer would be allowed at trial to conduct a mini trial as to whether Murray's activities were "similar" enough to warrant the inference he advances.

**B.     Breadth of the Subpoena**

In his response, Stadtmauer fails to provide any valid explanation for the enormous breadth of his subpoena. Instead, he claims that he needs such a broad subpoena because it "is driven by the government's allegations in this case . . . 26 counts in the Superseding Indictment relating to Mr. Stadtmauer which challenge the tax treatment of more than 1500 specific items." Stadtmauer Memorandum at 12. However, Murray's records have absolutely nothing to do with the "the tax treatment" of the "1500 specific items." As there is no connection whatsoever between the allegations in the indictment and Murray's personal and business records, the size of the government's charges cannot require Murray to produce 14 years of records, consisting of tens of thousands of documents.

**C.     Rule 17(c)(2)**

The law is well settled that documents requested pursuant to Rule 17(c)(2) must not only be relevant and admissible, but must be specifically identified. See the discussion in our moving brief, pages 4-5.[1] Stadtmauer has not specifically identified any documents he wishes to see, other than every document of the 29 MK Entities and the personal and tax records of Murray during a 14-year period. As this is certainly a "fishing expedition" condemned by the case law, the subpoena should be quashed. *See*

---

[1] In his Memorandum at 7, Stadtmauer alleges that the subpoenaed documents are relevant to impeach any witness the government may call to show that partners were deceived. Obtaining these documents to potentially impeach Murray - - who is not even a witness - - about a collateral matter - - whether he committed similar acts - - is an improper use of Rule 17. *See United States v. Beauchamp*, 986 F.2d 1, 3 (1st Cir. 1993) ("A party may not present extrinsic evidence to impeach a witness by contradiction on a collateral matter."). For this reason as well, that the documents would not be admissible, the subpoena should be quashed.

2

*United States v. Noriega*, 764 F. Supp. 1480, 1493 (S.D. Fla. 1991) (where moving party "merely hopes that something useful will turn up" in response to Rule 17(c) subpoena, "this is a sure sign that the subpoena is being misused."); *United States v. Morris*, 287 F.3d 985, 991 (10th Cir. 2002) ("Courts have held that requests for an entire file are evidence of an impermissible fishing expedition.") Given the breadth of the subpoena, Stadtmauer's statement that his request will only "mildly inconvenience" Murray makes readily apparent the disingenuousness of this subpoena. Stadtmauer's Memorandum at 10.

Furthermore, the cases Stadtmauer relied upon do not support his argument that his broad subpoena is not a "fishing expedition," as most of them address grand jury investigations, which are permitted much broader investigative powers than a private party. Stadtmauer Memorandum at 12-13. *See In re Grand Jury Subpoena Duces Tecum to John Doe Corp.*, 570 F.Supp. 1476, 1479 (S.D.N.Y. 1983) ("[T]he grand jury 'has broad investigative powers to determine whether a crime has been committed and who has committed it'"); *In re Rabbinical Seminary Netzach Israel Ramilis*, 450 F. Supp. 1078 (S.D.N.Y. 1978) (Subpoena requesting financial documents was not unduly oppressive because of the grand jury's investigative need for the documents.); *Jordache Enterprises, Inc. v. United States*, 86 Cr. Misc. (LLS), 1987 WL 9705, at *4 (S.D.N.Y. Apr. 14, 1987). *See also United States v. Caruso*, 948 F. Supp. 382, 397 (D.N.J. 1996) ("Despite Rule 17(c)'s broad language, it is well-settled that Rule 17(c) is not a means through which a defendant can obtain discovery beyond that authorized by Fed. R. Crim. P. 16.").

## CONCLUSION

As set forth in our initial moving brief, Stadtmauer has engaged in a pattern of harassment of Murray for many years. This subpoena is a continuation of that harassment and accordingly should be quashed.

Respectfully submitted,

Dated: November 19, 2007

By: _____
Jeffrey Speiser
Stern & Kilcullen, LLC
75 Livingston Avenue
Roseland, New Jersey 07068
(973) 535-1900
Attorneys for Murray Kushner

4