UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 05-249 (JLL) |
| v. | : | |
| MARCI PLOTKIN, STANLEY BEKRITSKY, RICHARD STADTMAUER, and ANNE AMICI | : : | Hon. Jose L. Linares |

MEMORANDUM OF THE UNITED STATES IN SUPPORT OF MOTION TO
QUASH SUBPOENAS ISSUED TO THE INTERNAL REVENUE SERVICE

CHRISTOPHER J. CHRISTIE
United States Attorney
970 Broad Street
Suite 700
Newark, New Jersey 07102
(973) 645-2700

On the Brief:
Thomas J. Eicher
Rachael A. Honig
Assistant United States Attorneys

## **PRELIMINARY STATEMENT**

The United States submits this memorandum in support of its motion to quash two subpoenas *duces tecum* issued to the Internal Revenue Service in this matter, one by defendant Richard Stadtmauer and the other by defendant Marci Plotkin.  The United States respectfully reserves its right to supplement its position through oral argument.

**STATEMENT OF FACTS**

The factual background in this case is well-known to the Court and has been set forth in great detail in the government's earlier submissions, including in its Memorandum in Opposition to Defendants' Pretrial Motions, filed on February 15, 2007. The government therefore will not repeat the history of the case at length herein.  In brief, however, defendants Marci Plotkin, Stanley Bekritsky, Richard Stadtmauer, and Anne Amici have been charged in the Superseding Indictment with conspiring to impede and impair the functions of the Internal Revenue Service ("IRS") and aid and assist the filing of false tax returns, and with in fact aiding and assisting the filing of false tax returns.  All of these charges arise from defendants' involvement, from in or about 1997 to in or about April 2003, in the preparation of tax returns for seven specific real estate partnerships that comprise part of the Kushner Companies real estate empire, as well as returns for the Kushner Companies' management company.  Defendants Plotkin and Bekritsky also have been charged with obstruction of justice in connection with the grand jury investigation into defendants' conduct.[1]  Trial currently is scheduled for February 5, 2008.

---

[1] Defendant Plotkin has been charged with a second obstruction of justice count and four counts relating to her personal tax returns, all of which have been severed by this Court and will be tried separately on a date yet to be determined.

On December 6, 2006, defendant Stadtmauer, through counsel, issued a trial subpoena to the IRS, returnable at the commencement of trial.[2]  (A copy of the subpoena is attached hereto as Exhibit A.)  The subpoena requests the production of any and all documents relating to six IRS audits of various Kushner Companies entities: (1) an audit of CK Fawn Associates for tax year 2000; (2) an audit of Constantine Village Associates for tax year 1994; (3) an audit of Constantine Village Associates, LP for tax year 1997; (4) an audit of 66 W.M.P. Associates, LP for tax year 1994; (5) an audit of Puck Associates for tax year 1994; and (6) an audit of Puck Associates for tax year 1995.  None of these entities are among the real estate partnerships whose tax returns form the basis of the allegations in the Superseding Indictment.

Defendant Stadtmauer's subpoena further requests that the IRS produce "any and all documents . . . relating to and underlying the issuance of the proposed regulations under § 263(a) of the Internal Revenue Code . . . which if promulgated, would replace current Treas. Reg. §§ 1.263(a)-1, 1.263(a)-2, and 1.263(a)-3" and "any and all documents . . . relating to the legal uncertainty of the current capitalization rules."  The proposed regulations to which the subpoena refers were issued by the IRS in August 2006 in response to comments first solicited by the IRS in January 2004, and their content is discussed at length in the briefs regarding the defendants' pretrial motions.  Defendants

---

[2]   The return date on defendant Stadtmauer's subpoena was April 7, 2007, a Saturday.  Presumably, counsel meant to use the then-scheduled trial date for this matter, which at the time was April 2, 2007.

cited the proposed regulations in support of their joint motion to strike those allegations in the Superseding Indictment that charged that the defendants had willfully failed to capitalize certain expenses on partnership tax returns.  Specifically, defendants argued to the Court that the law of capitalization is so hopelessly vague that, as a matter of law, no criminal tax prosecution may be predicated upon it, and that the issuance of these proposed regulations in 2006 represents the IRS's concession that this is so.

On October 30, 2007, the IRS accepted service of a second trial subpoena, this one issued by defendant Plotkin.  (A copy of the subpoena is attached hereto as Exhibit B.)  This subpoena is returnable prior to trial, on November 23, 2007, and requests production of a potentially massive number of documents.  In a lengthy rider to the subpoena, defendant Plotkin requests the production of "all Federal tax returns" and "all audit files" for 415 different business entities for various years.  For 348 of these entities, records are requested "from 1986 to the present" — a time period covering almost a quarter of a century.  Many of the 415 business entities listed in the subpoena rider are Kushner Companies entities.  Others are not.  For example, the subpoena requests tax return and audit information for numerous individual holdings of the Fifteen Group, a real estate company based in Miami, Florida, with no known connection to this case.

**ARGUMENT**

**I.        Defendant Stadtmauer's Subpoena Must Be Quashed.**

Defendant Stadtmauer's trial subpoena requests audit files that the prosecution team in this case requested from the IRS long ago at the defendants' request. Four of the six files (relating to CK Fawn Associates, LLC; Constantine Village Associates, LP; and Puck Associates) were produced by the IRS and turned over to defendants by the prosecution. The remaining two no longer exist because they were destroyed pursuant to the IRS's document retention policy. Defendants have been provided with a copy of a letter from the IRS attesting to this fact and explaining the IRS policy. All of this notwithstanding, defendant Stadtmauer moved this Court, in conjunction with defendants' pretrial motions, to compel the production of all six audits. In its August 29, 2007, Memorandum resolving the motions, this Court accepted the government's representations and denied defendant's motion to compel. See Memorandum of the Court at 7 (Aug. 29, 2007). For the reasons already articulated by the Court, this portion of defendant Stadtmauer's trial subpoena therefore should be quashed as moot.

The remainder of defendant Stadtmauer's subpoena should be quashed as well, because compliance by the IRS would prove both unreasonable and oppressive. See Fed. R. Crim. P. 17(c)(2). Rule 17(c) "was not intended to be a broad discovery device, and only materials that are admissible as evidence are subject to subpoena under the rule." United States v. Dent, 149 F.3d 180, 191 (3d Cir. 1998) (quoting United States v.

5

Cuthbertson, 651 F.2d 189, 192 (3d Cir. 1981).  Moreover, it is clear that Rule 17(c) does not permit defendants to engage in a wide-ranging "fishing expedition."  See United States v. Nixon, 418 U.S. 683, 699-700 (1974).  Rather, it may only be used to secure certain specifically identified documents for use at trial.  See United States v. Libby, 432 F. Supp. 2d 26, 35 (D.D.C. 2006) (observing that subpoenas requesting "any and all" information typically are quashed because Rule 17(c) subpoenas may be used "solely to secure specifically identified evidence for trial"); United States v. RW Professional Leasing Services Corp., 228 F.R.D. 158, 162 (E.D.N.Y. 2005) (holding that a Rule 17(c) subpoenas must relate to "a reasonable period of time"); United States v. Louis, 2005 WL 180885, *5 (S.D.N.Y. Jan. 27, 2005) (quashing subpoenas seeking "any and all" documents rather than specific evidentiary items); compare United States v. Skilling, 2006 WL 1006622, *2 (S.D. Tex. Apr. 13, 2006) (concluding that Rule 17(c) subpoenas were sufficiently specific where they requested 180 specific files and identified them by bates number).

   Here, defendant Stadtmauer seeks the production of "any and all documents" that relate to or "underl[ie]" a set of proposed IRS regulations as well as "any and all documents . . . regarding or relating to the legal uncertainty of the current capitalization rules."  The first request is clearly overbroad, as it covers the entirety of an ongoing IRS rule-making process and requests all documents that "relate" to it in any way.  The second request is equally broad, as well as inherently vague, as "the legal uncertainty of the current capitalization rules" is not a self-defining concept but, rather, is

6

defendant's own litigating position in this case. It is hard to imagine how the IRS might set about locating documents responsive to this subpoena, especially given that it is the position of the government that the law is <u>not</u> uncertain in any area relevant here.

The overbreadth and vagueness of defendant Stadtmauer's subpoena also makes it impossible for the IRS to determine whether the materials are subject to various applicable privileges, and in particular, the deliberative process privilege. The deliberative process privilege protects "advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated," <u>In re Sealed Case</u>, 121 F.3d 729, 737 (D.C. Cir. 1997) (citation omitted), and would appear to cover much, if not all, of the material defendant has requested relating to the ongoing rule-making process at the IRS. Defendant's subpoena is not phrased with enough specificity, however, for the IRS to make that determination conclusively.

Finally, there is no indication that defendant Stadtmauer's subpoena seeks documents that would be admissible at trial, which is what Rule 17(c) requires. Both categories of documents requested appear to relate exclusively to defendant's <u>legal</u> argument that the tax treatment on the returns in question was correct, or that defendant at least could have reasonably believed that it was. They do not relate to any matter within the province of the jury, especially given that the IRS rule-making process in question post-dated defendants' conduct by several years. To the extent that defendant seeks material that might bolster his legal argument to the Court, this is not a proper use of a

7

trial subpoena and is not permitted under Rule 17(c).  And in any event, as noted in the government's opposition to defendants' pretrial motions, internal IRS communications do not make law.  Defendant Stadtmauer's Rule 17(c) subpoena to the IRS must be quashed, and the United States respectfully requests that the Court so order.

**II.        Defendant Plotkin's Subpoena Must Be Quashed.**

Defendant Plotkin's trial subpoena requests tax return and audit files for 415 business entities in which defendant herself holds no ownership or other interest.  Accordingly, disclosure by the IRS is barred by 26 U.S.C. § 6103, and the subpoena must be quashed.

Section 6103, entitled "Confidentiality and Disclosure of Returns and Return Information," provides that no officer or employee of the United States shall disclose any tax return or return information obtained by him in any manner in connection with his service as such an officer or employee except as otherwise provided by the statute.  "Return information" is defined broadly, and includes audit files.  See 26 U.S.C. § 6103(b)(2).  Upon written request, a taxpayer may examine his or her own return.  See § 6103(e)(1).  Similarly, a partnership return may be examined upon written request by "any person who was a member of such partnership during any part of the period covered by the return."  Id.  Where the taxpayer is a corporation, returns and return information may be examined by any person designated by resolution by the board of directors or other similar governing body; any officer or employee of the corporation, provided that he or she provides a written request signed by any principal officer and attested to by the

8

secretary or other officer; or by a shareholder.  See id.  Similarly, the return of an estate may be examined by the estate's administrator, executor, or trustee, and, under certain circumstances, an heir to the estate.  See id.  The return of a trust may be examined by a trustee and, under certain circumstances, a beneficiary.  See id.

As far as the government is aware, defendant meets none of these conditions with regard to any of the 415 business entities listed in the rider to her subpoena.  As such, disclosure is barred and her subpoena must be quashed in its entirety.  Indeed, requests such as defendant's are precisely the reason Section 6103 exists, for without it, any litigant (or Freedom of Information Act requestor, for that matter) could gain access to the confidential financial information of others.  An entity such as the Fifteen Group, to take one example from defendant's lengthy subpoena rider, has a right to privacy in its tax returns that cannot be overridden simply because defendant feels that something in those returns might be useful to her in defending a criminal action that has nothing at all to do with that entity.  Defendant's attempt to subpoena these materials grossly overreaches the bounds of both Rule 17(c) and 26 U.S.C. § 6103, and must be denied.

Defendant may attempt to defend her subpoena by relying on subsection (h)(4) of Section 6103, which deals with the disclosure of returns and return information in judicial and administrative tax proceedings.  That subsection, however, relates only to the subsequent disclosure of tax information that already has been disclosed by the IRS to other federal officers and employees, such as members of the Department of Justice.  See

Chamberlain v. Kurtz, 589 F.2d 827, 838 (5th Cir. 1979); United States v. Recognition Equipment, Inc., 720 F. Supp. 13, 14 (D.D.C. 1989); United States v. Robertson, 634 F. Supp. 1020, 1028 (E.D. Cal. 1986).  In this case, for example, subsection (h)(4) authorizes the disclosure to the defendants of the tax returns that the prosecution team has received from the IRS, all of which already have been turned over to defendants to the extent required by Rule 16.  Subsection (h)(4) does not, in contrast, give defendant Plotkin unfettered access to the confidential tax information of business entities that have nothing whatsoever to do with this case.

Even aside from the clear prohibition on disclosure of the information defendant seeks, defendant's subpoena also is overbroad, oppressive, and burdensome, and calls for the production of material that is not admissible at trial.  Defendant has requested the production of thousands of tax returns covering a 22-year period that substantially pre- and post-dates the conspiracy charged in the Superseding Indictment without suggesting how they might prove relevant to this case.  To the extent that certain returns — for example, those of the real estate partnerships mentioned in the Superseding Indictment — are relevant, those returns already have been produced pursuant to Rule 16.  The remainder are irrelevant, inadmissible, and therefore not subject to subpoena under Rule 17(c).  Defendant Plotkin's subpoena to the IRS must be quashed, and the United States respectfully requests that the Court so order.

## **CONCLUSION**

For all of the foregoing reasons, the United States respectfully requests that the Court grant its Motion to Quash the Subpoenas Issued to the Internal Revenue Service. A form of order is attached.

> Respectfully submitted,
>
> CHRISTOPHER J. CHRISTIE
> United States Attorney
>
> s/Thomas J. Eicher
>
> By:  THOMAS J. EICHER
>      Assistant U.S. Attorney
>
> s/Rachael A. Honig
>
> By:  RACHAEL A. HONIG
>      Assistant U.S. Attorney

DATED:   November 20, 2007
         Newark, New Jersey

11

**CERTIFICATE OF SERVICE**

        I hereby certify that on the 20th day of November, 2007, true and correct copies of the Motion by the United States to Quash Subpoenas Issued to the Internal Revenue Service and supporting papers were sent <u>electronically</u> to:

| | |
|---|---|
| Robert S. Fink, Esq.<br>Kostelanetz & Fink, LLP<br>530 Fifth Avenue<br>New York, NY 10036 | Richard J. Schaeffer, Esq.<br>Brian Rafferty, Esq.<br>Dornbush Schaeffer Strongin &<br>  Venaglia, LLP<br>747 Third Avenue<br>New York, NY 10017 |
| Justin P. Walder, Esq.<br>K. Roger Plawker, Esq.<br>Lin Claire Solomon, Esq.<br>Walder, Hayden & Brogan, P.A.<br>5 Becker Farm Road<br>Roseland, NJ 07068 | Edward J. Plaza, Esq.<br>Weir & Plaza, LLC<br>321 Broad Street<br>Red Bank, NJ 07701 |

                                                  s/Rachael A. Honig
                                                  Rachael A. Honig

Dated: November 20, 2007