

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

_____

*970 Broad Street, Suite 700*                                          *(973)645-2000*
*Newark, New Jersey  07102*

January 15, 2008

**FILED ELECTRONICALLY**

Honorable Jose L. Linares
United States District Judge
Martin Luther King, Jr. Federal Building
   & Courthouse
50 Walnut Street
Newark, New Jersey  07102

> Re:   United States v. Marci Plotkin, et al., Crim. No. 05-249

Dear Judge Linares:

      Please accept this letter in lieu of a more formal brief in response to defendant Anne Amici's motion to compel the production of the notes of Assistant U.S. Attorney Thomas J. Eicher regarding defendant's statements to the government on October 21, 2003.  The United States respectfully reserves the right to supplement its responses by oral argument should the Court deem oral argument necessary.

      As an initial matter, defendant Amici's motion should be denied on the grounds that it is grossly untimely.  As Your Honor is aware, pretrial motions in this matter were due one full year ago, on January 15, 2007.  The statements regarding which defendant now seeks further discovery were disclosed to defendant's counsel on or about October 25, 2006, giving her ample time to file her motion in a timely fashion.  Instead, defendant has delayed for nearly 15 months, until nearly the eve of trial, and has offered no good cause for so doing.  Her motion therefore must be denied.

      Defendant's motion is deficient on its merits as well.  Defendant spends most of her time briefing the proposition that an <u>agent's</u> rough notes of a defendant's statement must be turned over pursuant to Rule 16.  This is the law of the Third Circuit, and is not disputed by the government for purposes of this motion.  See <u>United States v. Molina-Guevara</u>, 96 F.3d 698, 705 (3d Cir. 2005); <u>but see, e.g.</u> <u>United States v. Van Nguyen</u>, 456 F. Supp. 2d 1366 (N.D. Ga. 1996) (construing Rule 16 and its Advisory Committee notes to require only that a summary of the defendant's statements be disclosed).  Here, however, agent notes are not at issue.  Defendant seeks the disclosure of attorney notes, which constitute attorney work product and are therefore protected from disclosure.

Defendant does not cite a single case in which a government attorney's notes have been required to be disclosed pursuant to Rule 16(a)(1)(B), and indeed, the government could find none.  Instead, she relies on United States v. Ferguson, 478 F. Supp. 2d 220 (D. Conn. 2007), and United States v. Vallee, 380 F. Supp. 2d 11 (D. Mass. 2005), district court cases from other circuits that simply hold that agent — not attorney — notes of a defendant's statements must be disclosed.  See Ferguson, 478 F. Supp. 2d at 238 (requiring the government to produce "the notes taken by its agents during their interviews of the defendants"); Vallee, 380 F. Supp. 2d at 12, 15 (requiring the production of notes taken by "government agents from the United States Attorney's Office").  Defendant disingenuously suggests that Vallee considered and rejected a claim of attorney work product, arguing that the court "emphasized that any concerns over the disclosure of the attorney's mental impressions of the interview were unfounded." (Amici Brief at 8.)  The quoted portion of the case, however, deals with the court's recognition that "the production of an agent's notes is fraught with potential dangers and problems."  380 F. Supp. 2d at 14.  There is absolutely no indication that notes taken by an Assistant U.S. Attorney were at issue, and no discussion of "attorney mental impressions" at all.

Attorney notes of a witness interview are clear attorney work product.  See Hickman v. Taylor, 329 U.S. 495, 511 (1947) (noting that proper case preparation requires an attorney to "assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference"); see also United States v. Graham, 2003 WL 23198792 (D. Colo. Dec. 2, 2003) (recognizing that attorney summaries of oral statements by witnesses may constitute opinion work product, which has nearly absolute protection from disclosure, and at the very least constitute fact work product).  As such, they are immune from disclosure absent extraordinary circumstances.  The Supreme Court, for example, has not decided whether attorney notes must be turned over even when they contain Brady material, surely the highest order of discovery material.  See Goldberg v. United States, 425 U.S. 94, 98 n.3 (1976); see also Morris v. Ylst, 447 F.3d 735, 742 (9th Cir. 2006) (holding that "[e]xtending the Brady rule to opinion work product would greatly impair the government's ability to prepare for trials.").  It is all the more clear, therefore, that no extraordinary circumstances exist here.

Defendant has not even attempted to explain why she has any need at all for AUSA Eicher's notes, let alone why that need should be found to be so compelling as to override the protection afforded to attorney work product.  The content of the notes have already been summarized for defendant.  Moreover, AUSA Eicher will not be a witness at trial, and so the notes have no value as impeachment material.  Perhaps the only conceivable reason defendant could have for wishing to see AUSA Eicher's notes is to discover what AUSA Eicher found noteworthy about her statements — in other words, to discover the government's trial strategy. This she is not entitled to do.

For the foregoing reasons, the United States respectfully requests that the Court deny defendant Amici's motion to compel the production of the attorney notes of Assistant U.S. Attorney Eicher.

Respectfully submitted,

CHRISTOPHER J. CHRISTIE
United States Attorney

s/Thomas J. Eicher

By: THOMAS J. EICHER
Assistant U.S. Attorney

s/Rachael A. Honig

By: RACHAEL A. HONIG
Assistant U.S. Attorney

s/Hallie A. Mitchell

By: HALLIE A. MITCHELL
Assistant U.S. Attorney

cc:     All counsel (by electronic filing)