IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v. )<br>)<br>MARCI PLOTKIN )<br>STANLEY BEKRITSKY )<br>RICHARD STADTMAUER )<br>ANNE AMICI )<br>) | Crim. No.: 05-249 (JLL)<br><br>**ORAL ARGUMENT<br>REQUESTED** |

# MEMORANDUM IN SUPPORT OF DEFENDANT RICHARD STADTMAUER'S MOTION TO PRECLUDE THE GOVERNMENT FROM INTRODUCING CERTAIN EVIDENCE, AND FOR AN ORDER REQUIRING THE GOVERNMENT TO PRODUCE AN AMENDED EXHIBIT LIST

KOSTELANETZ & FINK, LLP

7 World Trade Center
New York, NY 10007
(212) 808-8100

Counsel to Richard Stadtmauer

Dated: January 30, 2008

## TABLE OF CONTENTS

Preliminary Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT

    I.    THE GOVERNMENT SHOULD BE PRECLUDED FROM
          INTRODUCING EVIDENCE RELATING TO SPECIFIC TAX
          ITEMS AND TO REAL ESTATE PARTNERSHIPS ONLY
          DISCLOSED TO DEFENDANTS SO CLOSE TO TRIAL . . . . . . . 7

    II.   THE GOVERNMENT SHOULD BE REQUIRED TO
          PRODUCE A REALISTIC EXHIBIT LIST. . . . . . . . . . . . . . . . . . 12

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  . . . . . . . . . . . . . . . . .13

# TABLE OF AUTHORITIES

**Federal Cases**

*United States v. DeGroote,* 122 F.R.D. 131 (W.D.N.Y. 1988) . . . . . . . . . . . . . . . .8

*United States v. Earnheart,* 683 F. Supp. 717 (W.D. Ark. 1987). . . . . . . . . . . . 8,10

*United States v. Flanagan,* 438 F.2d 1223 (5th Cir. 1971). . . . . . . . . . . . . . . . . . . .9

*United States v. Garrison,* 353 F. Supp. 306 (D. C. La. 1972) . . . . . . . . . . . . . . . 8

*United States v. Goldstein,* 56 F.R.D. 52 (D. Del. 1972) . . . . . . . . . . . . . . . . . . . .8

*United States v. Green,* 1993 WL 652793 (W.D.N.Y. Sept. 21, 1993). . . . . . . . . . 9

*United States v. Jones,* 451 F. Supp. 2d 71 (D.D.C. 2006) . . . . . . . . . . . . . . . . . 12

*United States v. Nachamie,* 91 F. Supp. 2d 565 (S.D.N.Y. 2000) . . . . . . . . . . . . 13

*United States v. Neff,* 212 F.2d 297 (3d Cir. 1954) . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Oliva,* 466 F. Supp. 710 (W.D. Pa.) . . . . . . . . . . . . . . . . . . . . . . .8

Robert S. Fink (RF-7924)
Caroline Rule (CR-6503)
Megan L. Brackney (MLB-6870)
KOSTELANETZ & FINK, LLP
7 World Trade Center
New York, NY 10007
Tel: (212) 808-8100
Fax: (212) 808-8108

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) | |
| v. | ) ) ) | Crim. No.: 05-249 (JLL) <br><br> **ORAL ARGUMENT** <br> **<u>REQUESTED</u>** |
| MARCI PLOTKIN <br> STANLEY BEKRITSKY <br> RICHARD STADTMAUER <br> ANNE AMICI | ) ) ) ) ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT
RICHARD STADTMAUER'S MOTION TO PRECLUDE
THE GOVERNMENT FROM INTRODUCING CERTAIN
EVIDENCE, AND FOR AN ORDER REQUIRING THE
<u>GOVERNMENT TO PRODUCE AN AMENDED EXHIBIT LIST</u>**

Defendant Richard Stadtmauer respectfully submits this memorandum of law in support of his motion to preclude the government from introducing at trial certain specific items alleged to have been incorrectly reported on real estate partnerships' tax returns, and to require the government to amend its exhibit list.

Mr. Stadtmauer moves to preclude the government from introducing

evidence of more than 175 allegedly improperly-reported items that the government first brought to the defendants' attention two weeks ago by including them in summary charts that are listed as proposed exhibits in the government's January 14, 2008 exhibit list. The government has never before listed these specific items as items to be proved at trial.

Over six months ago, the government represented to this Court that it had "long ago" identified to defendants the specific items that it intended to prove at trial to establish the alleged tax fraud charged in Counts 1 through 25 of the Indictment. The Court based its decision denying defendants' request for a bill of particulars at least in part on this representation. The government should not now be permitted to surprise defendants just weeks before trial with a myriad of new specific items. The burden this places on defendants' ability to prepare properly for trial is particularly onerous because some of these items relate to a partnership that the government has never before even mentioned as an entity whose returns would be at issue during trial, and because some of the items relate to a tax year that the government has never before identified as being one in connection with which it would seek to prove allegedly incorrectly-characterized expenses.

Mr. Stadtmauer also requests this Court to direct the government to amend its exhibit list so as to provide a more-realistic estimate of the evidence the

government intends to introduce during its case-in-chief. The government previously estimated that its case would take six weeks to present. The more than four thousand exhibits in the government's current exhibit list would, however, take many months to present to the jury. The government appears once again to be obscuring from defendants the meat of its case by clothing it in volumes of paper, thus leaving defendants on the eve of trial unable to prepare in a meaningfully focused way. The government should be required to pare down its exhibit list to those exhibits it can realistically expect to present in less than six weeks.

## Preliminary Statement

In June of 2006, the government produced to defendants a set of charts (hereinafter the "specific-items charts") that listed thousands of specific checks and other payments made by the seven real estate partnerships in the Indictment during the years 1998 through 2001. The government intends to prove that these specific items were wrongly accounted for on the partnerships' tax returns.[1] In its cover letter, the government characterized these specific-items

---

[1] The partnerships and years involved are: Elmwood, 1998-2000; Mount Arlington, 2000-2001; Oakwood, 1998-2000; Pheasant Hollow, 1998-2000; QEM 1998-2000; Quail Ridge, 1998-2000; and Westminster Management, 2000. The Indictment identifies these partnerships only by number, but the government subsequently identified these partnerships to defendants by name.

charts as "detailing the basis of the specific items set forth in Count One of the Superseding Indictment." (Brackney Decl.[2] ¶ 3, Exh. A; Gov. Ltr. 6/15/2006 at p.1.) In June of 2007, the government supplemented the specific-items charts with approximately eighty additional items relating to the tax returns for five of the partnerships.

In its February 2007 brief opposing defendants' request for a bill of particulars, the government argued that particulars were unnecessary because the government had "long ago" provided the kind of information that is usually set forth in bills of particulars in tax cases, i.e. "an itemization of the specific deductions or omissions from income that the government alleges to have been improper, identified by date and amount." (Memorandum of the United States in Opposition to Defendants' Pretrial Motions, Doc. 69, filed 2/15/2007 (hereinafter "Gov. Pretrial Opp.") at p.52.)

On August 30, 2007, this Court agreed with the government, and denied defendants' motion for a bill of particulars. The Court reasoned: "Defendants have access to the same discovery materials as the Government,

---

[2]The Declaration of Megan L. Brackney in Support of Defendant Richard Stadtmauer's Motion to Preclude the Government From Introducing Certain Evidence, and for an Order Requiring the Government To Provide an Amended Exhibit List, submitted herewith, will be cited as "Brackney Decl."

-4-

*including, most notably, the recent production by the Government of charts listing the specific items and deductions central to Counts 1-25 of the Superseding Indictment.*" (Memorandum and Order, Doc.109-2, filed 8/30/2007 ("8/30/07 Mem."), at p.19 (emphasis added)).[3]

Now – eighteen months after the government first supplied defendants with the specific-items charts, 11 months after the government argued to this Court that it had already provided a list of the items it intended to prove at trial, six months after the government supplemented that list, five months after the Court accepted the government's representation as a ground for denying a bill of particulars, and on the eve of trial – the government indicates that it intends to introduce evidence of at least 175 new specific items.  These include items from 1997, a tax year never before listed by the government,[4] and items relating to the tax returns of a partnership, Wallkill, never before listed in the government's specific-items charts.[5]  (Brackney Decl. ¶¶ 4, 5, 6; Exhs. B & C.)

---

[3]The court also noted that the defendants would be able to "further prepare a defense" after reviewing the government's exhibit list (8/30/2007 Mem. at p. 19), but, as discussed in Point II, *ante*, the government's exhibit list is so overlong that it does not assist defendants in focusing their trial preparation.

[4]Count One of the Indictment alleges a conspiracy that began in 1997, but the government's specific-items charts did not mention tax items from 1997.

[5]The government's exhibits include specific items from Oakwood for 1997, and for a new partnership, Wallkill, for the years 1999, 2001 and 2002. (Brackney

The government gave defendants no notice that it intended to add to its specific-items charts, other than by producing "Susan Grant Summary Charts" (hereinafter "SG summary charts")[6] as part of its exhibits. (Brackney Decl. Exh. B, Exhibit Nos. 5200-5236.) It was by comparing the SG summary charts with the prior specific-items charts that defendants became aware of the 175 new items. (Brackney Decl. ¶ 6.)

The government provided its exhibit list to defendants on January 14, 2008. That document itself is over 185 pages long, and it lists well over four *thousand* exhibits, many of which are compound exhibits consisting of "invoices," "letters," and "folders." (Brackney Dec. Exhs. B & C.) The government's exhibits fill sixteen bankers' boxes. (Brackney Decl. ¶ 5.) In December of 2007, however, only weeks before it produced this gargantuan list, the government expressed its opinion that, depending on defendants' cases, the *entire trial* would last only "six to eight weeks." (Transcript of 12/20/07 hearing, at p.69, lines 14-19.)

The government's exhibit list not only includes the SG summary charts that list specific items from a new partnership entity not previously identified by the government, but it also includes a large number of other exhibits

---

Decl. ¶ 6.)

[6] Susan Grant is an IRS agent and the government's proposed "expert

that relate to at least *eight* other new partnership entities not listed in the Indictment[7] (which mentions only seven partnerships, *see* n.1, *ante*), including exhibits for two entities for the year 1996,8 a year which *predates* the conspiracy alleged in the Indictment.

## ARGUMENT

I.     THE GOVERNMENT SHOULD BE PRECLUDED FROM INTRODUCING EVIDENCE RELATING TO SPECIFIC TAX ITEMS AND TO REAL ESTATE PARTNERSHIPS ONLY PRODUCED TO DEFENDANTS SO CLOSE TO TRIAL

The government itself has recognized that, in tax prosecutions, which are as a rule particularly complex, courts regularly order the government to produce bills of particulars that provide the kind of information that the government set forth in its specific-items charts, i.e. a list of specific expenditures, with dates and payees, that the government claims to have been improperly

---

witness."

[7] These entities include Inverness Associates (Brackney Decl. Exh. B, Exhibit Nos. 750-757(C)-FS); Bruckner Plaza (*id.*, Exhibit Nos. 800(C)-801(C)); Sussex House (*id.*, Exhibit Nos. 850(C)-853(C)-ANR); Lakeview Terrace (*id.*, Exhibit Nos. 855-856(C)-DR); Colonial Cherry Hill (*id.*, Exhibit Nos. 857(C)-859(C)-DR; Woodcrest Associates (*id.*, Exhibit Nos. 860(C)-862(C)-TR; Constantine Village (*id.,* Exhibit No. 938-FS) and Montgomery Associates (*id.*, Exhibit No. 937-FSS).

8 *See* Constantine Village (Brackney Decl. Exh. B, Exhibit No. 938-FS); Montgomery Associates (*id.*, Exhibit No. 937-FSS.)

deducted on tax returns. (Gov. Pretrial Opp. at pp. 51-52.) "In 'specific items' theory cases, courts have granted motions for a bill seeking the 'particular items' and 'amounts' of allegedly unreported income, together with 'the sources from which each item was derived . . . [and] specify[ing] the deductions and costs allowed and/or disallowed against such income . . . ." *United States v. DeGroote*, 122 F.R.D. 131, 141, 142 (W.D.N.Y. 1988) (citations omitted). *See also United States v. Earnheart*, 683 F. Supp. 717, 718 (W.D. Ark. 1987); *United States v. Oliva*, 466 F. Supp. 710, 712, 714 (W.D. Pa.), *rev'd on other grounds*, 611 F. 2d 23 (3d Cir. 1979); *United States v. Goldstein*, 56 F.R.D. 52, 55 (D. Del. 1972). Conversely, courts, like this Court, have denied motions for bills of particulars in tax cases where the government has already provided the defendant with a list of specific items to be proved at trial. *See, e.g., United States v. Garrison*, 353 F.Supp. 306, 312 (D. La. 1972) (denying bill of particulars where "the Government has furnished the identity of the source and the amounts, by years, of the specific items of income claimed to have been unreported").

In arguing previously that no bill of particulars was required, the government represented that it had "already . . . provided to defendants a detailed list of the items that the government intends to prove at trial were capital, non-deductible, or non-property-related expenditures that were improperly deducted on

the partnerships' tax returns as ordinary business expenses." (Gov. Pretrial Opp. at p. 52.) The Court agreed that the government had provided sufficient information. (8/30/07 Mem. at p. 19.) The government's exhibit list, however, puts the lie to its prior representation to the Court that it had already notified defendants of the specific items it intended to rely on at trial.

By including on the exhibit list over 175 new items – some of which relate to an entirely new partnership, some of which relate to a new tax year, and none of which was ever before itemized for defendants – the government is trying to get away with having resisted a motion for a bill of particulars on the grounds that it had already provided particulars, while at the same time failing to provide a significant part of those very particulars until immediately before trial. *Cf. United States v. Flanagan*, 438 F.2d 1223, 1224 (5th Cir. 1971) (it was not error for the district court to deny a bill of particulars in a tax case when the government had stated that it would "rely on the omission of specific items of income, *all* of which were included in a . . . report which had been turned over to the defense") (emphasis added). In *United States v. Green*, 1993 WL 652793 (W.D.N.Y. Sept. 21, 1993) at *5, the court held that, because defendants in a RICO prosecution are entitled to particulars as to the "manner and means" in which the alleged criminal enterprise operated, and the government had already provided some particulars of

"manner and means," the government's particulars would be "construed as an exhaustive particularization" unless the government immediately supplemented the particulars. Here, six months after the Court's decision that the government had provided sufficient particularity in this tax case, the government's prior specific-items charts should similarly be "construed as an exhaustive particularization" of the tax items that the government may attempt to prove at trial.

At this late date, defendants simply do not have sufficient notice to enable them to prepare properly for a trial in which the government seeks to include over 175 new specific items – let alone a trial that will involve specific items relating to the tax returns of an entirely new partnership, and tax returns of an entirely new year. It is therefore only fair and reasonable to limit the government's proof to the specific-items charts it previously provided. In *United States v. Earnhart*, 683 F. Supp. at 719, the court rejected the government's argument that it should not be required to give early notice of the documents relating to specific tax items that it would seek to introduce because it would then be limited to those documents at trial:

> The government protests that if a bill of particulars is granted, the proof at trial will be restricted to the particulars within the scope of the bill. *See, e.g., United States v. Neff*, 212 F.2d 297, 309 (3d Cir.1954). It hardly seems fair to expect the defense to be able to prepare adequately to meet charges relating to specific items without knowing what those specific items are.

> At the very least, forcing the government to state now what items are at issue will minimize surprise and delay at trial. In addition, the court does not see how it can prejudice the government's case: either the specific items can be proved to be fraudulent or they cannot be.

In this case, it would not be fair to expect the defendants to have prepared adequately to defend allegations concerning over 175 specific items that defendants have only been disclosed to defendants in the last two weeks.

It places an exponentially-greater burden on defendants to require them to prepare for a trial that now will involve eight other entirely new real estate partnerships not mentioned on the specific-items charts previously produced, nor listed in the Indictment, nor even, in the case of two of these entities, dating from a year identified in the Indictment.

The government should be precluded from offering evidence on any specific items not previously listed in the specific-items charts provided to defendants; and should be precluded from using the SG summary charts at trial unless they are amended to remove these items.[9] The government should also be precluded from offering evidence on new real estate partnerships not previously identified in the Indictment or listed on the specific-items charts.

---

[9] Defendants do not mean to imply or concede that the government should be permitted to rely on these SG summary charts even if amended; defendants do not address other possible objections to these charts in this motion.

-11-

## II. THE GOVERNMENT SHOULD BE REQUIRED TO PRODUCE A REALISTIC EXHIBIT LIST

Only a month ago, in December of 2007, the government responded to the Court's suggestion that the trial of this case would take four months by stating, "We certainly hope it is six to eight weeks, your Honor, but that depends on the defense." (Transcript of 12/20/07 hearing, at p.69, lines 14-19.) The government thus quite clearly represented that its case-in-chief would take six weeks or less. In mid-January, however (i.e. two weeks ago), the government supplied defendants with an exhibit list that is over 185 pages long, and which lists well over four *thousand* exhibits, many of which are compound exhibits consisting of "invoices," "letters," and "folders." These exhibits fill sixteen bankers boxes. (Brackney Decl. ¶ 5.) There is no possibility that the government can present these exhibits to the jury in the time it recently estimated, which strongly suggests that the exhibit list was not in fact prepared in good faith.

Rather, this bloated exhibit list, and the boxes and boxes of actual proposed exhibits that it represents, appears to be another example of the government attempting to obscure the essence of its case within overly voluminous document productions – a tactic it has engaged in since the inception of this matter, and which becomes more and more prejudicial to the defendants the closer to trial it gets. *See United States v. Jones*, 451 F. Supp.2d 71, 85 n.13 (D.D.C. 2006) (in a

case involving a 34-count conspiracy indictment, the government acknowledged that a "21-page itemization of evidence that it intends to rely on at trial [was] overinclusive" and represented that it would pare the list down before trial.) *Cf. United States v. Nachamie*, 91 F. Supp. 2d 565, 570 (S.D.N.Y. 2000) (where government's initial document production is enormous, as it was in this case, government has an increased obligation to provide details of its case to defendants in advance of trial).

As noted, the government's exhibit list includes many exhibits relating to real estate partnership entities that have not previously been identified by the government as potentially forming part of the government's case at trial. Trial is two weeks away, and defendants should at this point be preparing in a very focused way for trial; instead they are still laboring within the morass of paperwork created by the government. The government should be required to provide a more-realistic exhibit list that does not include new specific items or evidence relating to new partnerships.

## Conclusion

Mr. Stadtmauer respectfully requests that the Court issue an Order: 1) precluding the government from introducing at trial evidence of specific items that it did not list on its prior specific-items charts, as well as evidence relating to real

-13-

estate partnerships not included in the Indictment or the specific-items charts; and 2) requiring the government immediately to produce a more-realistic list of exhibits that it will introduce at trial.

Dated: New York, New York
January 30, 2008

Respectfully submitted,

KOSTELANETZ & FINK, LLP

By: /s/ Robert S. Fink
Robert S. Fink (RSF-7924)
Caroline Rule (CR-6503)
Megan L. Brackney (MLB-6870)
7 World Trade Center
New York, New York 10007
(212) 808-8100

Counsel to Richard Stadtmauer

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that the forgoing document was served on the parties of record by electronic notification and by mailing a copy thereof by Federal Express, postage prepaid, to the following:

Thomas J. Eicher, AUSA
United States Attorney's Office
District of New Jersey
U.S. Department of Justice
970 Broad Street, Suite 700
Newark, NJ 07102

Richard J. Schaeffer, Esq.
Brian T. Rafferty, Esq.
Dornbush Schaeffer Strongin & Venaglia, LLP
747 Third Avenue
New York, NY 10017

Justin P. Walder, Esq.
Walder, Hayden & Brogan, P.A.
5 Becker Farm Road
Roseland, NJ 07068

Edward J. Plaza, Esq.
Weir & Plaza, LLC
321 Broad Street
Red Bank, NJ 07701

This, the 30th day of January 2008.

/s/ Robert S. Fink
Robert S. Fink