UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 05-249 (JLL) |
| v. | : | |
| MARCI PLOTKIN, STANLEY BEKRITSKY, RICHARD STADTMAUER, and ANNE AMICI | : : | Hon. Jose L. Linares |

MEMORANDUM OF THE UNITED STATES IN OPPOSITION
TO DEFENDANT RICHARD STADTMAUER'S MOTION *IN LIMINE*
TO PRECLUDE EVIDENCE RELATING TO NEW JERSEY SALES TAX RULES

CHRISTOPHER J. CHRISTIE
United States Attorney
970 Broad Street
Suite 700
Newark, New Jersey 07102
(973) 645-2700

On the Brief:
Thomas J. Eicher
Rachael A. Honig
Hallie A. Mitchell
Assistant United States Attorneys

## **PRELIMINARY STATEMENT**

The United States submits this memorandum of law in response to defendant Richard Stadtmauer's Motion to Preclude Evidence Relating to New Jersey Sales Tax Rules. The United States respectfully reserves its right to supplement its responses by oral argument.

## BACKGROUND

This brief assumes the Court's familiarity with the factual allegations set forth in the Superseding Indictment, and does not discuss them in detail herein.

On January 14, 2008, the government produced to defendants a marked set of its trial exhibits, including two versions of a lecture outline prepared by defendant Bekritsky. Both of these exhibits were recovered during the search of the Schonbraun accounting firm's offices — one from defendant Bekritsky's personal office, and one from defendant Plotkin's — and neither were produced to the government in response to its grand jury subpoenas.

The outlines are entitled "Real Estate & New Jersey Sales Tax." Exhibit 1191 bears a cover page that indicates that it was prepared by the accounting firm "for the Kushner Companies." Exhibit 9003 is accompanied by a cover letter from defendant Plotkin to Kushner Companies Executive Vice President Scott Zecher (a named co-conspirator in the Superseding Indictment). Defendant Plotkin's letter instructs Zecher to use the outline "as a guide when managers and others have questions on whether sales tax should be paid." Named co-conspirator Seth Levin is carbon-copied on the letter.

The outlines both explain that generally, New Jersey sales tax need not be paid on a "capital improvement." The outlines further describe "washing machines and automobiles" as examples of "tangible personal property," and explain that "[t]he following factors are considered in determining whether an installation of tangible personal property results in a capital improvement: (1) whether the improvement results in an increase in the capital value of the realty; and (2) whether the improvement results in a significant increase in the useful life of the property."

Although the two outlines are similar, they are not identical. Exhibit 9003 includes a section on "air conditioning, heating, refrigeration" that states that the installation of "central heating, air conditioning and refrigeration systems that are permanently attached to and become component parts of real property are considered capital improvements." Exhibit 9003 further references and attaches certain State of New Jersey forms relating to sales tax, including Form ST-8, a Certificate of Capital Improvement. The instructions for Form ST-8, which are also attached, state: "As an aid to determine whether a contract is for a repair to real property or a capital improvement to real property, the treatment of such transaction for income tax purposes under the Federal Internal Revenue Code may be used as a guide." The instructions further give examples of capital improvements, including "new roof, installation of;" "new kitchen cabinets, installation of;" "paving of driveway;" "new heating system installation;" and "new siding, installation of."

Tucked into the back of Exhibit 1191, which was recovered from defendant Bekritsky's office at the Schonbraun accounting firm, is an agenda entitled "Tax Trends and Developments, By Stanley Bekritsky." It appears from an entry on the agenda that the defendant Bekritsky gave a talk on this subject that included a discussion of sales tax. Next to the entry that reads "Sales tax" is a handwritten entry that appears to be in defendant Bekritsky's handwriting that reads, "Use tax/repairs/maintenance/capital improvements." Lower down on the page, the handwriting reads "Tax collectors are robbers" and "Tax collecting is akin to robbery," apparently in connection with a typewritten entry titled "Historical perspective" and subtitled "The tax man in the time of the Mishna 1700 years ago."

Defendant Stadtmauer has moved to exclude both exhibits from evidence in the grounds that they will not be relevant at trial. While defendant Stadtmauer's motion vaguely asserts that the evidence "is likely to prejudice and confuse the jury," his brief does not address Federal Rule of Evidence 403 or argue that he will suffer "unfair" prejudice that substantially outweighs the probative value of the evidence. Therefore, his motion is assumed to be based exclusively on Federal Rules of Evidence 401 and 402.

**ARGUMENT**

I.        **Exhibits 1191 and 9003 Are Relevant and Admissible.**

Under Federal Rule of Evidence 402, relevant evidence is admissible unless otherwise excluded under a specific provision of law.  Relevant evidence, in turn, is defined in Rule 401 as "evidence having *any* tendency to make the existence of *any* fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  (Emphasis added.)  Exhibits 1191 and 9003 easily meet this standard, and are admissible in evidence.

Among other elements of the offenses charged in this case, the government must prove that the defendants knowingly and willfully aided and assisted in the filing of false tax returns, and that the returns were false, in part, because they deliberately failed to treat certain items as capital expenditures.  To prove defendants' knowledge and willfulness, therefore, the government must convince the jury beyond a reasonable doubt that defendants knew the nature of the expenditures the partnerships were incurring and that they knew (or intentionally closed their eyes to the fact) that these expenditures were "capital" in nature.  The sales tax outlines that comprise Exhibits 1191 and 9003 are clearly relevant to the government's proof in this regard, because they show that defendants Bekritsky and Plotkin, at a minimum, were sensitive to the general difference between "repairs" and "capital improvements."  The documents also show that defendants Bekritsky and Plotkin were aware that the Kushner Companies' partnerships were incurring the type of costs typically considered to be capital expenditures, because they clearly felt that the Kushner Companies needed advice on them.

Defendant Stadtmauer points out that the definition of "capital improvement" under New Jersey law is not precisely identical to the definition of that term under federal law, but that does not make the evidence irrelevant. While the sales tax outlines may not single-handedly prove the government's case, they certainly alter the balance of evidence when it comes to defendants' knowledge and willfulness. This is all that Rules 401 and 402 require. Moreover, while they are not identical, the two definitions are substantially similar. For New Jersey sales tax purposes, a capital improvement is one that results in "an increase of the capital value of the real property" or "a significant increase in the useful life of such property." N.J. Admin. Code § 18:24-5.7(a). Under federal law, capital improvements are those that "increase the value of any property or estate," including assets that have a "useful life substantially beyond the taxable year." 26 U.S.C. § 263(a); Treas. Reg. § 1.263(a)-2(a). It would strain credulity to argue that the defendants were aware that the partnerships were making regular expenditures that met the former set of criteria, but that it never occurred to them that these same expenditures might also meet the latter. This is exactly why the government seeks to introduce the evidence.

In addition, the government notes that the exhibits are independently admissible to prove Count 30, the obstruction of justice count against defendants Plotkin and Bekritsky. As discussed above, both documents were recovered during the search of the Schonbraun offices, one from each of those defendants' personal offices. They are responsive to the grand jury subpoenas issued to the Schonbraun accounting firm, but were withheld. Therefore, they are evidence of defendants Plotkin and Bekritsky's efforts to impede the progress of the grand jury investigation.

**II.      Exhibits 1191 and 9003 Should Not Be Excluded Under Rule 403**

While defendant Stadtmauer does not address this issue in his brief, it is also clear that the admission of Exhibits 1191 and 9003 does not violate Rule 403, which provides that evidence may be excluded if its probative value is "substantially outweighed" by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.  Despite defendant's bare statement in his motion that the jury will be "confused," this is not the case.  It is clear from the exhibits themselves that they deal with New Jersey sales tax and not federal income tax, and defendants will be able to further underscore this fact through cross-examination and during closing arguments.  There is simply no reasonable possibility that the jury will be misled.

## **CONCLUSION**

For the foregoing reasons, the United States respectfully submits that the defendant Richard Stadtmauer's Motion to Preclude Evidence Relating to New Jersey Sales Tax Rules must be denied.

                          Respectfully submitted,

                          CHRISTOPHER J. CHRISTIE
                          United States Attorney

                          s/Thomas J. Eicher

By:    THOMAS J. EICHER
        Assistant U.S. Attorney

                          s/Rachael A. Honig

By:    RACHAEL A. HONIG
        Assistant U.S. Attorney

                          s/Hallie A. Mitchell

By:    HALLIE A. MITCHELL
        Assistant U.S. Attorney

DATED:    February 5, 2008
                  Newark, New Jersey

**CERTIFICATE OF SERVICE**

        I hereby certify that on the 5th day of February, 2008, a true and correct copy of the Memorandum of the United States In Opposition to Defendant Richard Stadtmauer's Motion to Preclude Evidence Relating to New Jersey Sales Tax Rules was sent <u>electronically</u> to:

| | |
|---|---|
| Robert S. Fink, Esq. | Richard J. Schaeffer, Esq. |
| Caroline Rule, Esq. | Brian Rafferty, Esq. |
| Megan L. Brackney, Esq. | Dornbush Schaeffer Strongin & |
| Kostelanetz & Fink, LLP |    Venaglia, LLP |
| 7 World Trade Center | 747 Third Avenue |
| New York, NY 10007 | New York, NY 10017 |
| | |
| Justin P. Walder, Esq. | Edward J. Plaza, Esq. |
| K. Roger Plawker, Esq. | Weir & Plaza, LLC |
| Lin Claire Solomon, Esq. | 321 Broad Street |
| Walder, Hayden & Brogan, P.A. | Red Bank, NJ 07701 |
| 5 Becker Farm Road | |
| Roseland, NJ 07068 | |

                                                s/Rachael A. Honig
                                                Rachael A. Honig

Dated: February 5, 2008