UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 05-249 (JLL) |
| v. | : | |
| MARCI PLOTKIN, STANLEY BEKRITSKY, RICHARD STADTMAUER, and ANNE AMICI | : : | Hon. Jose L. Linares |

MEMORANDUM OF THE UNITED STATES IN OPPOSITION TO
DEFENDANTS RICHARD STADTMAUER'S MOTION TO PRECLUDE THE
GOVERNMENT FROM INTRODUCING CERTAIN EVIDENCE, AND FOR AN ORDER
REQUIRING THE GOVERNMENT TO PRODUCE AN AMENDED EXHIBIT LIST

CHRISTOPHER J. CHRISTIE
United States Attorney
970 Broad Street
Suite 700
Newark, New Jersey 07102
(973) 645-2700

On the Brief:
Thomas J. Eicher
Rachael A. Honig
Hallie A. Mitchell
Assistant United States Attorneys

## PRELIMINARY STATEMENT

The United States submits this memorandum of law in response to defendant Stadtmauer's motion *in limine* to preclude the government from introducing certain evidence and for an order requiring the government to produce an amended exhibit list. The United States respectfully reserves its right to supplement its responses by oral argument.

## STATEMENT OF FACTS

On April 10, 2006, nearly two years ago, a Grand Jury returned the Superseding Indictment against defendant Stadtmauer. The Superseding Indictment includes a very detailed account of the charged conspiracy, followed by corresponding substantive counts. The conspiracy names and provides descriptions of the entities involved, sets forth the manner and means of the conspiracy, and specifies 52 overt acts.

After the indictment of defendant Stadtmauer and co-defendants Bekritsky and Amici, the government continued the discovery process that it had begun in April 2005 with the indictment of defendant Plotkin. Throughout the discovery process, the government has voluntarily provided to defendants drafts of the summary charts prepared by IRS Revenue Agent Susan Grant, which identify the many thousands of specific items that the government intends to prove at trial were incorrectly reported on the partnerships' tax returns. The government has continuously and consistently designated that these summary charts are "draft" charts that mimic the charges set forth in the Superseding Indictment, and have always reserved the right to amend said charts if needed, although the changes that have been made over time have tended to be minimal. As the government obtained more information about certain expenses, those items have been added to the chart. In some instances, items have been deleted.

On January 14, 2008, pursuant to the Court's order, the government produced a marked set of its trial exhibits to the defendants, as well as an exhibit list. The exhibit list contains approximately 4,200 exhibits, a large number of which are third-party vendor files that are summarized in Agent Grant's charts, also marked as trial exhibits. The other exhibits marked include the tax, administrative, and workpaper files for each of the partnerships during each relevant year, as well as similar files for other Kushner entities; various internal Schonbraun documents; meeting agendas from the Kushner Companies; partnership, partner, and defendant tax returns; items of e-mail and other correspondence; and documents seized during the search of the Schonbraun offices. The latter category of evidence is necessary to prove the obstruction of justice count contained in Count 30, in which defendant Stadtmauer is not charged.

Defendant Stadtmauer now claims that the marked versions of Agent Grant's summary charts have caused him unfair surprise because they contain approximately 175 allegedly "new items" not contained in previous drafts. He further alleges that the government has produced a "bloated" exhibit list that does not accurately reflect the exhibits that the government actually intends to use at trial. Defendant therefore requests that the Court preclude the government from introducing evidence of the "new" items at trial, and, further, that the government effectively preclude *itself* from introducing other, relevant evidence by limiting its trial exhibits to some smaller subcategory of the documents currently marked.

**ARGUMENT**

I.   **The Court Should Not Preclude The Government From Introducing Evidence that was not Contained in Earlier Versions of Draft Summary Charts**

Defendant Stadtmauer contends that the government unfairly "intends to introduce evidence of at least 175 new specific items" that are included on the marked versions of Agent Grant's summary charts. Def. Mot. to Preclude, docket # 159, at 5. These revised draft summary charts, along with all other marked government exhibits, were produced to the defense a month before the trial in this matter is scheduled to begin. To be clear, the defendant's assertion is solely that these "new" items were not on earlier versions of the government's draft summary charts. He never claims, nor can he, that the government did not provide the underlying records concerning these items both in discovery and as exhibits, or that the items are not encompassed in the charges set forth in the Superseding Indictment.

Purportedly, defendant Stadtmauer claims surprise, lack of fairness, and an inability to defend against charges because the government's amended "draft" charts contain allegedly "new" items. However, every case cited by the defense concerns the issuance of a Bill of Particulars. In the cited cases, the appropriate remedy is not preclusion of the government's relevant evidence, but rather the remedy is that the government provide further specificity regarding the charges against the defendant.[1] This Court has already denied the defendant's motion for a Bill of Particulars and specifically held that the Superseding Indictment

---

[1] In fact, one of the cited cases holds that the severe remedy of striking evidence rather than granting an adjournment was not warranted where the government, during trial, introduced testimony that varied from its previously submitted bill of particulars. See United States v. Gaze, 313 F.2d 757, 759-761 (2d Cir. 1963).

"contain[ed] sufficient information for the Defendants to prepare a trial strategy on all listed counts." Aug. 30, 2007 Order, Doc. # 109-2, at 19.  Defendant Stadtmauer's present motion is a blatant attempt to re-raise an already decided issue, and a seeming attempt to preclude the government from proving its case against the defendant.

Also, the defendant has had the documentation concerning these allegedly "new" items for well over a year in discovery and the "draft" charts at issue for a month before the trial is scheduled to begin.  Additionally, the government's case-in-chief will take awhile and the defense will have ample time, in addition to the month, to review and prepare a defense to the "new items." The Court has already remarked on this matter in its August 30th Order,

> [T]he Government has indicated that its case-in-chief is likely to take several months.  Accordingly, if the Government were to turn over a list of exhibits it intends to use at trial a month before the start of its case-in-chief, the Defendants would have additional time as the trial progresses to review these exhibits and incorporate them into the preparation of their defense.

August 30, 2007 Order, Doc. # 109-2, at 5 n. 7.

In addition, defendant Stadtmauer's claim of "surprise" regarding many of the items is completely disingenuous.  For example, he complains that he was not aware that the government would seek to admit evidence concerning tuition payments paid from the Wallkill property as it was not specifically listed on previous draft summary charts.  This is absurd.  The Wallkill partnership is specifically referred to in the Superseding Indictment, (see Superseding Indictment at ¶ 5(G) ("Partnership 7 owned a 412-unit residential apartment development in Eatontown, New Jersey.")), and the charged conspiracy includes overt acts that discuss the particular tuition payments out of the Wallkill partnership in great detail.  (See Superseding Indictment at ¶¶ 26-35.)  Defendant Stadtmauer, as the former co-chairman of the Kushner Companies and who

5

participated in weekly meetings concerning all the Kushner properties, undoubtably has full knowledge that the "412-unit residential apartment development in Eatontown, New Jersey " is the Wallkill property.  The tuition payments that appear on the charts are precisely the ones detailed in the Superseding Indictment, and so no unfair surprise to defendant Stadtmauer can plausibly be claimed.

In addition, defendant makes the extremely misleading claim that he is unfairly burdened by having to prepare for a trial "that now will involve eight other entirely new real estate partnerships not mentioned on the specific-items charts previously produced, nor listed in the Indictment, nor even, in the case of two of these entities, dating from a year identified in the Indictment."  (Def. Br. at 11.)  From this statement, one might conclude that the government has added items to Agent Grant's charts that relate to these "eight entirely new real estate partnerships," but this is simply not the case.  The government has merely marked *exhibits* relating to these partnerships, as surely it is entitled to do to the extent that these exhibits are relevant and admissible at trial.  The government is not seeking to prove the falsity of the returns filed by Colonial Cherry Hill or Woodcrest Associates, to name two of the "eight entirely new real estate partnerships" to which defendant cites.  It merely seeks to introduce these documents for their evidentiary value in proving the conspiracy alleged in the Superseding Indictment, as well as the falsity of the specific returns charged therein.

Defendant's claim is particularly insupportable in light of the fact that as he well knows, his co-defendant, Marci Plotkin, has signaled an intention to rely at trial on a defense based on the way that other Kushner Companies returns — and indeed, the returns of non-Kushner clients of the Schonbraun accounting firm — were prepared.  Given that this is the case, surely the

6

government is entitled to rebut her argument by "offering evidence on new real estate partnerships not previously identified in the Indictment or listed on the specific-items chart" that is inconsistent with defendant Plotkin's defense.

The Court should not preclude the government from admitting relevant evidence at trial. Under Federal Rule of Evidence 401 and 402, evidence having "any tendency to make the make the existence of any fact that is of consequence to the determination of an action more or less probable than it would be without the evidence" constitutes relevant evidence that is admissible at trial. See FED. R. EVID. 401, 402. The "175 specific items," contained in the *draft* summary charts encompasses exhibits that tend to prove charges set forth in the Superseding Indictment. The government has the right to present relevant evidence to prove the alleged charges beyond a reasonable doubt. If defendant Stadtmauer has a specific objection to a particular piece of relevant evidence being admitted, based on a legitimate objection such as on hearsay, Rule 403, or any other grounds, he may raise that at trial at the time the government seeks to admit it.

## II.   The Court Should Not Order the Government to Revise Its Exhibit List

Defendant Stadtmauer also moves the Court to order that the government produce a revised exhibit list. The government's exhibit list is a realistic list of what it expects to introduce at trial. Obviously, the precise evidence that the government will seek to admit depends to some degree on the defenses asserted in defense opening statements and through cross examination, and so it certainly may be the case that not every exhibit will be admitted into evidence. At this time, however, the government's list represents a fair assessment of what it anticipates that it may introduce.

The government's exhibit list, again provided to the defendant a month before the trial is

scheduled to begin, includes approximately 4,200 exhibits.  These exhibits are business records of the Kushner Companies, the Schonbraun accounting firm, third-party vendors or organizations, and public records of the Internal Revenue Service. The government has proposed stipulations to the defense concerning the admittance of these documents, and if not fruitful, intends to ask the Court for a hearing regarding their admissibly under Federal Rule of Evidence 104.  The government hopes, therefore, that the issue of the records' admissions will be settled prior to trial.  Given that, the government still anticipates that its case-in-chief would be presented to the jury in its previously estimated time.

   In furtherance of the present request, defendant Stadtmauer cites two other district court cases.  In one case, United States v. Jones, 451 F. Supp.2d 71 (D.D.C, 2006), the District Court held that the government had complied with the Court's order to submit a list of items that it intended to introduce at trial.  However, the government, on its own and with no court order, acknowledged that its submitted list was over-inclusive and that it would "pare it down."  Id. at 85.  At no point did the Court order the government to created a redacted, less "bloated," list.  Like Jones, here, the government has provided a list of exhibits that it intends to introduce at trial.  Unlike Jones, the government sees this as a realistic list and does not intend to revise the list in the next few weeks.

   The second case relied upon is United States v. Nachamie, 91 F. Supp.2d  (S.D.N.Y. 2000).  Defendant Stadtmauer refers to *dictum* in that case wherein the court states that it is "difficult problem" for the defense to receive over 200,000 pages in *discovery* without any indication or distinction of what the government views is discovery material for its case-in-chief and what the government views is discovery material to the preparation of a defense.  Id. at 568 -

570.  However, defendant Stadtmauer fails to cite the *holding* of the case.  Despite acknowledging the "difficult problem" created by such a voluminous and not designated production, the Court explicitly states, "[b]ut a court has no license to rewrite the Federal Rules of Criminal Procedure" and holds, "I cannot direct the Government . . .to identify the documents it intends to offer in its case-in-chief."  Id. at 570.

Very similarly, when defendant Stadtmauer had previously asked this Court to order the government to "itemize" which evidence it intended to rely upon at trial, Your Honor denied his motion, stating, "[w]hile the Court understands that this case has involved millions of pages of discovery, the Government has no obligation to essentially 'tip its hand' to the defendants before the start of trial." Aug. 30, 2007 Order, Doc. # 109-2, at7.   As with discovery, there is absolutely no authority for the Court to order the government to revise what the defense declares is a "bloated" government exhibit list.

## **CONCLUSION**

For the foregoing reasons, the United States respectfully submits that defendant Richard Stadtmauer's motion *in limine* to preclude the government from introducing certain evidence and for an order requiring the government to produce an amended exhibit list must be denied.

          Respectfully submitted,

          CHRISTOPHER J. CHRISTIE
          United States Attorney

          s/Thomas J. Eicher

By:    THOMAS J. EICHER
       Assistant U.S. Attorney

          s/Rachael A. Honig

By:    RACHAEL A. HONIG
       Assistant U.S. Attorney

          /s/ Hallie A. Mitchell

By:    HALLIE A. MITCHELL
       Assistant U.S. Attorney

DATED: February 5, 2008
       Newark, New Jersey

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 5th day of February 2008, a true and correct copy of the foregoing Memorandum of the United States in Opposition to Defendant Richard Stadtmauer's Motion to Preclude the Government From Introducing Certain Evidence, and For An Order Requiring the Government to Produce An Amended Exhibit List was sent <u>electronically</u> to:

| | |
|---|---|
| Robert S. Fink, Esq. | Richard J. Schaeffer, Esq. |
| Kostelanetz & Fink, LLP | Dornbush Schaeffer Strongin & |
| 530 Fifth Avenue |  Venaglia, LLP |
| New York, NY 10036 | 747 Third Avenue |
| | New York, NY 10017 |
| | |
| Justin P. Walder, Esq. | Edward J. Plaza, Esq. |
| K. Roger Plawker, Esq. | Weir & Plaza, LLC |
| Lin Claire Solomon, Esq. | 321 Broad Street |
| Walder, Hayden & Brogan, P.A. | Red Bank, NJ 07701 |
| 5 Becker Farm Road | |
| Roseland, NJ 07068 | |

                   /s/ Hallie A. Mitchell
                   Hallie A. Mitchell

Dated: February 5, 2008