## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

------------------------------------------------------)

**UNITED STATES OF AMERICA,**                            )
                                                         )
                                                         )  Crim. No.:  05-249 (JLL)
                                                         )
**vs.**                                                  )
                                                         )  Hon. Jose L. Linares
                                                         )
**MARCI PLOTKIN,**                                       )
**STANLEY BEKRITSKY,**                                   )  **ORAL ARGUMENT**
**RICHARD STADTMAUER, and**                              )  **REQUESTED_____**
**ANNE AMICI**                                           )
                                                         )
------------------------------------------------------)

## MEMORANDUM IN OPPOSITION TO
## MOTION *IN LIMINE* TO ADMIT STATEMENTS
## OF ALLEGED CO-CONSPIRATORS PURSUANT TO
## FEDERAL RULE OF EVIDENCE 801(d)(2)(E)

DORNBUSH SCHAEFFER
STRONGIN & VENAGLIA, LLP
747 Third Avenue
New York, New York 10017
(212) 759-3300

*Attorneys for Stanley Bekritsky,*
*on behalf of all Defendants*

Dated:      February 5, 2008

# TABLE OF CONTENTS

**I.   PRELIMINARY STATEMENT** ...................................................................2

**II.  ARGUMENT**...................................................................................................4

    **A.   THE COURT SHOULD DENY THE
GOVERNMENT'S LAST MINUTE BID TO
EXPAND THE SCOPE OF THE ALLEGED
CONSPIRACY** ...................................................................................4

    **B.   THE COURT SHOULD ORDER THAT A
PRETRIAL HEARING BE HELD PURSUANT
TO FEDERAL RULE OF EVIDENCE
801(d)(2)(E)** ........................................................................................9

**CONCLUSION**....................................................................................................14

182113.1

# TABLE OF AUTHORITIES

## Cases

*Bourjaily v. United States*,
  483 U.S. 171 (1987) .................................................................................. 11

*Davis v. Wakelee*,
  156 U.S. 680 (1895) .................................................................................. 6

*In re Teleglobe Commc'ns Corp.*,
  493 F.3d 345 (3d Cir. 2007) ...................................................................... 7

*New Hampshire v. Maine*,
  532 U.S. 742 (2001) .................................................................................. 6

*Pegram v. Herdich*,
  530 U.S. 211 (2000) .................................................................................. 6

*United States v. Addonizio*,
  451 F.2d 49 (3d Cir. 1971) ......................................................................... 7

*United States v. Ahmad*,
  53 F.R.D. 194 (M.D. Pa. 1971) .............................................................. 7, 8

*United States v. Ammar*,
  714 F.2d 238 (3d Cir. 1983) ...................................................................... 11

*United States v. Bobb*,
  471 F.3d 491 (3d Cir. 2006), *cert. denied*,
  127 S. Ct. 2083, 167 L. Ed.2d 802 (2007) .................................................. 9

*United States v. Continental Group, Inc.*,
  603 F.2d 444 (3d Cir. 1979) ................................................................ 11, 12

*United States v. De Groote*,
  122 F.R.D. 131 (W.D.N.Y. 1988) ............................................................... 7

*United States v. Giardina*,
  No. 04-29J, 2005 U.S. Dist. LEXIS 28374
  (W.D. Pa. Nov. 17, 2005) ........................................................................... 9

*United States v. James*,
  590 F.2d 575 (5th. Cir. 1979) ............................................................. passim

*United States v. Kelly*,
  No. 98-13-1, 1998 U.S. Dist. LEXIS 6351 (E.D. Pa. May 6, 1998) ........... 3

182113.1

*United States v. Mariani,*
   90 F. Supp. 2d 574 (M.D. Pa. 2000) ............................................................ 7

*United States v. McGlory,*
   968 F.2d 309 (3d Cir. 1996) ........................................................................ 9

*United States v. Neff,*
   212 F.2d 297 (3d Cir. 1954) ........................................................................ 8

*United States v. Ramirez,*
   602 F. Supp. 783 (S.D.N.Y. 1985) .............................................................. 7

*United States v. Ricks,*
   639 F.2d 1305 (5th Cir. 1981) ................................................................... 10

*United States v. Rogers,*
   617 F. Supp. 1024 (D. Colo. 1985) ............................................................. 7

*United States v. Rosa,*
   891 F.2d 1063 (3d Cir. 1989) ...................................................................... 8

*United States v. Smith,*
   776 F.2d 1104 (3d Cir. 1985) ...................................................................... 8

*United States v. Solomon,*
   No. 02:05cr385, 2007 U.S. Dist. LEXIS 21433
   (W.D. Pa. Mar. 26, 2007) .......................................................................... 12

*United States v. Steele,*
   83 F. Supp. 2d 340 (N.D.N.Y. 2000) ......................................................... 7

*United States v. Urena,*
   27 F.3d 1487 (10th Cir. 1994) ................................................................... 11

*United States v. Williams,*
   113 F.R.D. 177 (M.D. Fla. 1986) ................................................................ 7

**Statutes**

Federal Rule of Evidence 801(d)(2)(E) .................................................. passim

**Other Authorities**

5 JACK B. WEINSTEIN & MARGARET A. BERGER,
   WEINSTEIN'S FEDERAL EVIDENCE § 801.34[6][c][i]
   (Joseph M. McLaughlin ed., 2d ed. 2007)................................................. 10

182113.1

Richard J. Schaeffer, Esq.
Brian T. Rafferty, Esq.
**DORNBUSH SCHAEFFER**
**STRONGIN & VENAGLIA, LLP**
747 Third Avenue
New York, New York 10017
(212) 759-3300
(212) 753-7673 Facsimile

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

-------------------------------------------------------)
**UNITED STATES OF AMERICA,**                          )
                                                       )
                                                       )     **Crim. No.:  05-249 (JLL)**
                   **vs.**                             )
                                                       )     **ORAL ARGUMENT**
**MARCI PLOTKIN**                                      )     **REQUESTED___**
**STANLEY BEKRITSKY**                                  )
**RICHARD STADTMAUER**                                 )
**ANNE AMICI**                                         )
                                                       )
                                                       )
-------------------------------------------------------)

### MEMORANDUM IN OPPOSITION TO
### MOTION *IN LIMINE* TO ADMIT STATEMENTS
### OF ALLEGED CO-CONSPIRATORS PURSUANT TO
### FEDERAL RULE OF EVIDENCE 801(d)(2)(E)

Defendants Marci Plotkin, Stanley Bekritsky, Richard

Stadtmauer and Anne Amici, (collectively, the "Defendants") respectfully

submit this memorandum of law in opposition to the Government's motion

*in limine* to admit statements of co-conspirators pursuant to Federal Rule of

Evidence 801(d)(2)(E) ("Gov. Mot." or "Motion").  Further, the Defendants

respectfully request that this Court deny the Government's improper attempt to expand the scope of the alleged conspiracy on the eve of trial.

Additionally, the Defendants respectfully request this Court to order a pretrial hearing or, in the alternative, the submission of a pretrial proffer of evidence sufficient to show the admissibility of statements of alleged co-conspirators pursuant to Federal Rule of Evidence 801(d)(2)(E).

## I.

## PRELIMINARY STATEMENT

Just two weeks prior to trial, the Government's Motion impermissibly attempts to expand the membership of the alleged conspiracy, by claiming for the first time that unidentified "others at the Kushner Companies and the Schonbraun accounting firm participated in the conspiracy at various points in time." See Gov. Mot. at 2. The Government's last-minute effort at revising its theory of the case contradicts the Government's prior representations to the Defendants and this Court about the other members of the alleged conspiracy, and is highly prejudicial to the Defendants. Accordingly, the Defendants respectfully request that this Court reject the Government's bid to expand the alleged conspiracy, and to hold the Government to its prior representation to the Defendants and this Court that the other members of the alleged conspiracy are limited to Charles Kushner

- 2 -

("Partner 1"), Scott Zecher (the "CFO"), and Seth Levin (the "staff accountant").

Moving to the question of the admissibility of statements of alleged co-conspirators pursuant to Federal Rule of Evidence 801(d)(2)(E), the Defendants strongly oppose the Government's motion to provisionally admit, in wholesale fashion and without sufficient identification or foundation, the statements of alleged co-conspirators. Defendants submit that a pretrial hearing to determine the admissibility of alleged co-conspirator statements is necessary to shield the Defendants from prejudice and to promote efficiencies at trial. Without the benefit of a pretrial hearing, to identify and determine the admissibility of such statements in accordance with Federal Rule of Evidence 801(d)(2)(E), the Defendants and this Court will be at great risk for a mistrial.

In the alternative, highlighting the fact that the Government has yet to identify or provide a foundation for any of its purported statements of co-conspirators, the Defendants respectfully request that this Court order the Government to submit a pretrial proffer containing evidence sufficient to show the admissibility of each co-conspirator statement, as set forth under Federal Rule of Evidence 801(d)(2)(E). *See United States v. Kelly*, No. 98-13-1, 1998 U.S. Dist. LEXIS 6351, at *5 (E.D. Pa. May 6, 1998) (ordering

- 3 -

the government to submit a pretrial proffer of the evidence on which it will

rely to satisfy the independent corroboration requirement.).  The provision of

such a pretrial proffer will help to minimize the interruptions during trial and

mitigate against any potential prejudice to the Defendants and the possibility

of a mistrial.

## II.

## ARGUMENT

## A.   THE COURT SHOULD DENY THE GOVERNMENT'S LAST MINUTE BID TO EXPAND THE SCOPE OF THE ALLEGED CONSPIRACY

The Court should deny the Government's bid to suddenly expand the

scope of the alleged conspiracy by adding new, undisclosed co-conspirators.

*See* Gov. Mot. at 2.  This eve of trial move is not only highly prejudicial, but

comes in the face of contradictory representations by the Government to

Defendants and to this Court, and should be barred.

On September 5, 2006, counsel for Mr. Stadtmauer wrote the

Government with a formal demand for a bill of particulars.  Among the

particulars sought was a critical piece of information: the identities of the

"others" with whom the Government contends the Defendants conspired.

The Government responded to that letter on October 6, 2006, without

directly addressing that demand.  As a result, now more than one year ago,

- 4 -

Mr. Stadtmauer filed a motion for a bill of particulars, seeking the identities of the other alleged co-conspirators. See Mot. of Def. Richard Stadtmauer for a Bill of Particulars (Jan. 16, 2007).

The Government opposed Mr. Stadtmauer's motion by assuring him and this Court that "[t]heir names were supplied to defendants months ago." Mem. of the United States in Opp. to Defs.' Pretrial Mots. (Feb. 15, 2007) at 57. In reliance on that representation, Mr. Stadtmauer informed the Court: "Based on the Government's papers, (Gov. Mem. at 57), we now understand that the 'others' are limited to those individuals identified by name in the Indictment or in Paragraphs 3 and 22 of the Government's October 6 letter." Reply Mem. in Support of Mot. of Def. Richard Stadtmauer for a Bill of Particulars (March 5, 2007), at 12.[1]  The Government did not dispute this understanding, and the Court denied Mr. Stadtmauer's motion, pointing out that one of the Government's arguments was that it had already "supplied the requested information." Slip Op. at 17 (Aug. 30, 2007).

The Government now seeks to reverse itself and spring a highly prejudicial surprise on the eve of trial. No longer are the alleged co-conspirators those persons whose names were "supplied to defendants

---

[1]     Paragraph 10 of the government's October 6 letter also identified Scott Zecher as the "CFO" co-conspirator named in the Indictment and is the final one of the alleged co-conspirators whose names were "supplied to defendants" by the government.

182113.1

months ago." Instead, the Government announces that—besides Charles
Kushner, Scott Zecher, and Seth Levin—"[t]he government further <u>expects</u>
that the evidence may show at trial that <u>others at the Kushner Companies
and the Schonbraun accounting firm participated in the conspiracy</u>." Gov.
Mot. at 2 (emphasis added).

Having lured Defendants and this Court into believing, for <u>the year</u>
leading up to trial, that the names of all alleged co-conspirators had already
been revealed—and convincing this Court that the filing of a bill of
particulars was unnecessary—the Government should be barred from now
expanding the ranks of the alleged conspiracy.

Indeed, it has long been established that when "a party assumes a
certain position in a legal proceeding, and succeeds in maintaining that
position, he may not thereafter, simply because his interests have changed,
assume a contrary position, especially if it be to the prejudice of the party
who has acquiesced in the position formerly taken by him." *New Hampshire
v. Maine*, 532 U.S. 742, 749 (2001) (quoting *Davis v. Wakelee*, 156 U.S.
680, 689 (1895)). This rule, judicial estoppel, "generally prevents a party
from prevailing in one phase of a case on an argument and then relying on a
contradictory argument to prevail in another phase." *Pegram v. Herdich*,
530 U.S. 211, 227 n.8 (2000).

- 6 -

Here, by reversing course on the scope of the alleged conspiracy, after convincing this Court to deny Mr. Stadtmauer's motion and inducing Defendants' reliance on its previous representations, the Government is engaging in a classic effort to "'play[] fast and loose with the courts' by adopting conflicting positions in . . . different stages of the same proceeding." *See In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 377 (3d Cir. 2007).

Moreover, the Government's last-minute gambit amounts to a transparent end-run around a bill of particulars—stymieing the function of the bill to ensure a defendant can "adequately prepare his defense" and "avoid surprise during the trial." *See United States v. Addonizio*, 451 F.2d 49, 63-64 (3d Cir. 1971) (internal quotation marks omitted). Knowing the identities of one's alleged co-conspirators well in advance of trial is obviously essential to preparing a defense and avoiding surprise, and courts have frequently ordered the Government to disclose the names of all alleged co-conspirators in a bill of particulars.[2]

---

[2]     *See, e.g., United States v. Steele*, 83 F. Supp. 2d 340 (N.D.N.Y. 2000); *United States v. Mariani*, 90 F. Supp. 2d 574, 591-92 (M.D. Pa. 2000); *United States v. De Groote*, 122 F.R.D. 131, 137 (W.D.N.Y. 1988); *United States v. Williams*, 113 F.R.D. 177, 178 (M.D. Fla. 1986); *United States v. Ramirez*, 602 F. Supp. 783, 793 (S.D.N.Y. 1985); *United States v. Rogers*, 617 F. Supp. 1024, 1028-29 (D. Colo. 1985); *United States v. Ahmad*, 53

In fact, the Government now attempts to do precisely what it cannot do in the face of a bill of particulars—change the "parameters" of its case. *See United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985). With its announcement anticipating that other alleged co-conspirators will be disclosed, the Government clearly intends to move at trial far beyond the bounds it has previously set. But "a bill of particulars strictly limits the prosecution to proof within the area of the bill." *United States v. Neff*, 212 F.2d 297, 309 (3d Cir. 1954). It is "designed to define and limit the Government's case. As with the indictment, there can be no variance between the notice given in a bill of particulars and the evidence at trial." *See also Smith*, 776 F.2d at 1111.

In short, the Government should not be permitted to hatch its surprise, prejudicing the Defendants by, at the last minute, revamping the membership of the alleged conspiracy. Instead, the Government should simply be made to honor its previous representations to Defendants and to this Court.

---

F.R.D. 194, 201 (M.D. Pa. 1971); *see also United States v. Rosa*, 891 F.2d 1063, 1066 (3d Cir. 1989).

- 8 -

## B. THE COURT SHOULD ORDER THAT A PRETRIAL HEARING BE HELD PURSUANT TO FEDERAL RULE OF EVIDENCE 801(d)(2)(E)

The admissibility of statements of the co-conspirators previously

identified by the Government as Charles Kushner, Scott Zecher and Seth

Levin should be determined in the context of a pretrial hearing designed to

establish the admissibility of such evidence without the jury present, so as to

prevent undue prejudice toward the Defendants and, as a result, a potential

mistrial.[3]

In order for courts to comply with Rule 801(d)(2)(E), "[t]he existence

and membership of a conspiracy are preliminary questions of fact that must

---

[3]     Federal Rule of Evidence 801(d)(2)(E) provides that "a
statement by a co-conspirator of a party during the course and in furtherance
of the conspiracy" is not hearsay as to that party. *Fed. R. Evid.* 801(d)(2)(E).
Such a statement is admissible only if the Government can establish by a
preponderance of the evidence that:

> 1) the conspiracy existed;
> 2) both defendant and declarant were members of the
>    conspiracy; and
> 3) the statement was made in the course of the conspiracy and
>    in furtherance of the conspiracy.

*See United States v. Bobb*, 471 F.3d 491, 498 (3d Cir. 2006), *cert. denied*,
127 S. Ct. 2083, 167 L. Ed.2d 802 (2007)  (*citing United States v. McGlory*,
968 F.2d 309, 333 (3d Cir. 1996)).  "The statements sought to be admitted
under Federal Rule of Evidence 801(d)(2)(E) are not in and of themselves
sufficient to prove admissibility, but they may be used as evidence of such
fact." *See United States v. Giardina*, No. 04-29J, 2005 U.S. Dist. LEXIS
28374, at *4 (W.D. Pa. Nov. 17, 2005).

be resolved... <u>before</u> a challenged statement may be admitted under Rule
802(d)(2)(E).  A trial court should ordinarily determine the admissibility of
coconspirator statements <u>before</u> allowing the statements to be heard by the
jury."  5 JACK B. WEINSTEIN & MARGARET A. BERGER, WEINSTEIN'S
FEDERAL EVIDENCE § 801.34[6][c][i] (Joseph M. McLaughlin ed., 2d ed.
2007)(emphases added).

    In order to safeguard judicial resources and prevent prejudice to the
Defendants that would likely result in a mistrial, the best course is for this
Court to order a pretrial *James* hearing, wherein the trial court, without the
jury present, will determine the admissibility of any and all alleged co-
conspirator statements.  *See generally United States v. James*, 590 F.2d 575
(5th. Cir. 1979).  The purpose of a pretrial *James* hearing is "to inform the
trial judge as to whether or not the proponent of co-conspirator statements
has sufficient evidence... to warrant their being taken into evidence over
objection."  *United States v. Ricks*, 639 F.2d 1305, 1309-10 (5th. Cir. 1981).
A pretrial *James* hearing is "the best assurance that prejudicial hearsay will
not be taken, inadvertently, before the jury," as such prejudice to the
defendant can "rarely be eliminated by curative or cautionary instructions."
*See id*. at 1309.  Additionally, a pretrial *James* hearing serves to streamline

- 10 -

the trial process by avoiding "bifurcated testimony of individual witnesses" and "multiple trips to the witness stand." *See id*.

Despite these advantages, in some cases where the Court deems the alleged conspiracy particularly complex, the Court may choose not to hold a *James* hearing in advance of trial, but will conditionally admit an alleged co-conspirator's statement into evidence as offered during trial, but subject to later connection; meaning that the Government must meet the requirements of Rule 801(d)(2)(E) only before it closes its case. *See, e.g., United States v. Ammar*, 714 F.2d 238, 245-47 (3d Cir. 1983); *United States v. Continental Group, Inc.*, 603 F.2d 444, 456-7 (3d Cir. 1979).

Although the Supreme Court declined to express an opinion on the question of order of proof, *see Bourjaily v. United States*, 483 U.S. 171, 176 n.1 (1987), several circuits strongly prefer to hold a pretrial *James* hearing as opposed to the conditional admission of co-conspirator statements during trial, to guard against the danger of prejudice to the defendant that would result if the jury heard statements that were ultimately deemed inadmissible. *See, e.g., James*, 590 F.2d 575, 581-584 (5th Cir. 1979); *United States v. Urena*, 27 F.3d 1487, 1491 (10th Cir. 1994). Like the Supreme Court, the Third Circuit has chosen not to endorse any preferred order of proof, but instead has left the decision within the trial court's discretion. *See*

- 11 -

*Continental Group*, 603 F.2d at 456-57. However, the Third Circuit continues to strongly caution against this procedure of conditional admission:

> We agree that the danger of prejudice to the defendant inherent in the practice of admitting coconspirator declarations, otherwise hearsay, subject to later proof of the requisite conspiracy, dictates that the practice be <u>carefully considered and sparingly utilized</u> by the district courts.

*Continental Group, Inc.*, 603 F.2d at 457 (emphasis added); *Ammar*, 714 F.2d at 246-7 (quoting *Continental Group* where conditional admissibility procedure should be "carefully considered and sparingly utilized."); *United States v. Solomon*, No. 02:05cr385, 2007 U.S. Dist. LEXIS 21433, at \*6-7 (W.D. Pa. Mar. 26, 2007)(same); *Giardina*, 2005 U.S. Dist. LEXIS 28374, at \*5-6 (ordering a pretrial *James* hearing to determine the admissibility under FRE 801(d)(2)(E)).

The instant case is one where this cautionary language must be followed.

The Government's failure here to even identify the alleged co-conspirators in its motion *in limine* to admit statements of alleged co-conspirators, let alone provide any foundation for the admissibility of their statements, makes the need for a pretrial *James* hearing even more imperative. Indiscriminately admitting <u>all</u> co-conspirator statements, conditionally or otherwise, with the hope that the Government will "connect up" and meet the threshold of Rule 801(d)(2)(E) for each of these statements by the close of its case, needlessly puts in peril the objectivity of the jury.

182113.1

Moreover, the Government's apparent attempt to expand the scope of the alleged conspiracy on the eve of trial without notice to the Defendants should signal to the Court the high probability that many of the alleged co-conspirator statements could likely be determined inadmissible. It is exactly because of these last minute attempts to expand the scope of the alleged conspiracy that a pretrial hearing is necessary to ensure that the Defendants receive a fair trial. Without such hearing, there will be little protection against prejudicing the jury as against one or more Defendants, with a mistrial as a likely result.

In the alternative, the Defendants request that the Court order the submission of a pretrial proffer of evidence upon which it will rely to satisfy the threshold requirements of Federal Rule of Evidence 801(d)(2)(E). In *United States v. Kelly*, 1998 U.S. Dist. LEXIS 6351, at \*2-3, in place of a pretrial *James* hearing, the court required the Government to "submit a pretrial proffer sufficient to show that it can satisfy the criteria for admissibility under Rule 801(d)(2)(E)."

Since the Government here has failed to identify or provide any foundation whatsoever in their present motion *in limine*, and since the Government now seeks to expand without boundaries the scope of the alleged conspiracy, at a minimum, this Court should require the Government

- 13 -

182113.1

to submit a pretrial proffer to support its intended use of alleged co-conspirator statements.  In the absence of a pretrial *James* hearing, a pretrial proffer is the only way to ensure that the Court can manage this trial efficiently without unnecessary interruptions or confusion, and avoid the potential of prejudice towards the Defendants and a possible mistrial.

## CONCLUSION

For all of the foregoing reasons, the Defendants respectfully request that this Court enter an Order (i) denying the Government's attempt to expand the scope of the alleged conspiracy at this late date; and (ii) denying the Government's motion in limine to admit statements of alleged co-conspirators.  Further, the Defendants respectfully request that this Court order a pretrial *James* hearing to determine the admissibility of statements pursuant to Federal Rule of Evidence 801(d)(2)(E), or in the alternative,

- 14 -

direct the Government to submit a pretrial proffer of evidence to satisfy the

threshold requirements of Federal Rule of Evidence 801(d)(2)(E).

Dated:      New York, New York
            February 5, 2008

                        Respectfully submitted,

                        **DORNBUSH SCHAEFFER
                        STRONGIN & VENAGLIA, LLP**

By:
                        _____
                            Richard J. Schaeffer
                            Brian T. Rafferty
                            747 Third Avenue
                            New York, New York 10017
                            (212) 759-3300
                            (212) 753-7673 Facsimile

                        *Attorneys for Stanley Bekritsky,
                        on behalf of all Defendants*

- 15 -

182113.1