IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | Crim. No.: 05-249 (JLL) |
| v. ) | |
| ) | **ORAL ARGUMENT** |
| MARCI PLOTKIN ) | **REQUESTED** |
| STANLEY BEKRITSKY ) | |
| RICHARD STADTMAUER ) | |
| ANNE AMICI ) | |
| ) | |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF
DEFENDANT RICHARD STADTMAUER'S MOTION TO PRECLUDE
EVIDENCE RELATING TO NEW JERSEY SALES TAX**

KOSTELANETZ & FINK, LLP

7 World Trade Center
New York, NY 10007
(212) 808-8100

Counsel to Richard Stadtmauer

Dated: February 7, 2008

## TABLE OF CONTENTS

Preliminary Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT

I.   NEW JERSEY SALES TAX LAW REACHES QUITE DIFFERENT RESULTS FROM FEDERAL INCOME TAX LAW WITH RESPECT TO SPECIFIC EXPENDITURES ON REAL PROPERTY AND HENCE IS NOT RELEVANT TO FEDERAL ISSUES. . . . . . 4

II.  THE GOVERNMENT'S OPPOSITION PAPERS DEMONSTRATE HOW PREJUDICIAL THESE DOCUMENTS WOULD BE TO DEFENDANTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Newman v. Director, Div. of Taxation*, 14 N.J. Tax 313 (1994), aff'd,
   15 N.J. Tax 228 (N.J. Super. A. D. 1995) .................... 7

## FEDERAL REGULATIONS

Treas. Reg. § 1.162-4 ................................ 7

## FEDERAL RULES

Fed. R. Evid. 403 .................................... 3, 10

## ADMINISTRATIVE CODES

18 N.J. Admin. Code §24-5.16 ........................... 5

18 N.J. Admin. Code §24-27.2 ........................... 5

## MISCELLANEOUS AUTHORITY

N.J. Div. of Taxation, Publication ANJ-8 (Rev. 6/06). ................. 5

N.J. Div. of Taxation, Publication ANJ-5 (Rev. 10/06). ................ 7

N.J. Div. of Taxation, Bulletin S&U-2 (Rev. 3/07) .................. 5, 6

Robert S. Fink (RF 7924)
Caroline Rule (CR-6503)
Megan L. Brackney (MLB 6870)
KOSTELANETZ & FINK, LLP
7 World Trade Center
New York, NY 10007
Tel: (212) 808-8100
Fax: (212) 808-8108

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA ) ) ) ) v. ) ) ) MARCI PLOTKIN ) STANLEY BEKRITSKY ) RICHARD STADTMAUER ) ANNE AMICI ) ) | Crim. No.: 05-249 (JLL)  ORAL ARGUMENT REQUESTED |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF
DEFENDANT RICHARD STADTMAUER'S MOTION TO
PRECLUDE EVIDENCE RELATING TO NEW JERSEY SALES TAX**

Defendant Richard Stadtmauer respectfully submits this reply memorandum in further support of his motion to exclude proposed government exhibits that relate to whether New Jersey sales tax is due on improvements to real property, including "capital" improvements. Our continuing review of the government's voluminous exhibits is revealing more documents that refer to or relate to New Jersey sales tax (see, e.g.,

- 2 -

Gov. Exh. 8134, an email to property managers about not paying sales tax on capital improvements), and we move to exclude all such documents.

## Preliminary Statement

The government responds to our motion by arguing, essentially, that documents describing the rules governing New Jersey sales tax are relevant because they discuss "capital improvements," on which sales tax is not required to be paid, and repairs on which sales tax must be paid; and the federal law on capitalization of "capital expenses" also use the terms "capital" improvements as opposed to "repairs." The government argues that because New Jersey sales tax rules include tests about whether an improvement results in an increase in the capital value of real property, and whether the improvement results in a significant increase in the life of the property, documents discussing these concepts are relevant because federal income tax law uses similarly-worded tests.

The government's argument is too superficial. Indeed, the entirely distinct concepts of state sales tax and federal depreciation use somewhat similar terms to reach completely different results. This leads to the conclusion not that documents about sales tax are relevant, but rather that they are confusing and hence should not be admitted.

The tests under New Jersey sales tax law and federal income tax law (as the government interprets the latter) reach opposite results about whether the same items, for example, refrigerators and flooring, are "capital" improvements or non-capital expenditures. Consequently, the fact that any defendant either read or prepared a memo on what items are subject to state sales tax does not shed light on that defendant's knowledge of the intricacies of federal capitalization rules.

Finally, the government argues that this evidence will not be unfairly prejudicial, as Mr. Stadtmauer's asserted in his motion. To the contrary, however, the government's opposition to Mr. Stadtmauer's motion illustrates just why the prejudicial effect of introducing this confusing evidence outweighs any probative value it may have.[1]

---

[1] Mr. Stadtmauer's Notice of Motion alleged that the exhibits in question would likely to prejudice the jury, thus obviously raising the issue of whether the documents should be excluded under Fed. R. Evid. 403. Because the prejudice inherent in these documents is illustrated in the government's brief, we will discuss Rule 403 herein.

## ARGUMENT

I.   NEW JERSEY SALES TAX LAW REACHES QUITE DIFFERENT RESULTS FROM FEDERAL INCOME TAX LAW WITH RESPECT TO SPECIFIC EXPENDITURES ON REAL PROPERTY AND HENCE IS NOT RELEVANT TO FEDERAL ISSUES.

The government's conflation of New Jersey sales tax rules and federal deprecation rules glosses over the fundamental differences between them. For example, the government's proposed summary charts of items that it contends should have been capitalized under federal law lists a great many "refrigs," i.e. refrigerators." The government's position therefore is that refrigerators must be considered "capital expenditures" under federal law and depreciated over time.

Under New Jersey law, however, refrigerators are subject to sales tax, and hence are not considered capital expenditures under state sales tax rules. The government does not comprehend that there is often a difference under those sales tax rules between the term "installation of" items, which may be a capital improvement exempt from sales tax (*see* Gov. Opp. Mem.[2] at p.3), and the items to be installed themselves. For example, under New Jersey sales tax law, the "*installation*" of central heating, air

---

[2] The Memorandum of the United States in Opposition to Defendant Richard Stadtmauer's Motion In Limine to Preclude Evidence Relating to New Jersey Sales Tax Rules, filed on February 5, 2008, will be cited as "Gov. Opp. Mem."

conditioning or refrigeration systems that are permanently attached to real property constitute a capital improvements exempt from sales tax. (*see* Gov. Exh. 9003). But the refrigerators themselves *are* subject to sales tax and hence are not considered capital improvements.

Under New Jersey sales tax law, "[n]ew kitchen fixtures, *installation of*," is listed as a "capital improvement" that is not subject to sales tax. 18 N.J. Admin. Code § 24-5.16 (discussing when contractors may obtain a certificate of capital improvement from a client and hence not charge sales tax) (emphasis added). But, a *sale* of a refrigerator itself, is subject to sales tax. *See* 18 N.J. Admin. Code § 24-27.2 (the cost of a vendor's delivering a refrigerator to a purchaser is not subject to sales tax, but the sale of the refrigerator itself is subject to sales tax); *cf.* N.J. Div. of Taxation, Bulletin S&U-2 (Rev. 3/07)[3] at p.4 (anyone who acts as his own contractor, i.e. who works on real property he owns, is required to pay sales tax on all materials and supplies.) Even if a contractor is going to install a refrigerator (or air conditioner or heating unit), the contractor must pay sales tax on the purchase of the unit. N.J. Div. of Taxation, Publication ANJ-8

---

[3] All of the publications and bulletins of the New Jersey Division of Taxation cited herein are available at the Division's website: http://www.state.nj.us./treasury/taxation, under the link "Publications," and sub-link "Sales and Use Tax.

(Rev. 6/06) at p.1. Only the cost of *installing* a refrigeration system that is permanently attached to real property is not taxed. When a refrigeration unit is moveable, however (as are most apartment refrigerators and window air conditioning units), *both* purchase and installation of the refrigeration unit are taxed. (*Id.*) Thus, knowledge of the state sales tax rules quite obviously does not equate to knowledge of federal income tax rules concerning capitalization.

Another of the items that the government alleges should have been capitalized by defendants, and has listed numerous times on its summary charts, is "flooring," including "carpet." State sales tax law regarding flooring, however, again employs quite different concepts from federal income tax law. New Jersey imposes sales tax on all sales of floor coverings, *whether or not* the floor covering is being permanently installed. (Prior to October 1, 2006, no sales tax was collected on the installation of the flooring as opposed to the purchase of the flooring; after that date, both the flooring materials and installation costs are subject to sales tax.) N.J. Div. of Taxation, Bulletin S&U-2 (Rev. 3/07) at p.4. Anyone who purchases flooring, whether an individual home owner or a contractor, must pay sales tax on that flooring (whether the flooring is carpeting, linoleum, marble, or

any other substance used to cover floors). N.J. Div. of Taxation, Publication ANJ-5 (Rev. 10/06) at p.1.[4] Sales tax must also be paid on the materials and supplies used to install flooring, such as nails, staples, adhesive and cement. (*Id.*) Thus, the government contends that flooring, including carpeting, is a capital expenditure that must be depreciated, but New Jersey sales tax law treats flooring and carpeting as a non-capital expenditure on which sales tax must be paid.

The differences between New Jersey sales tax law and federal depreciation law – which the court in *Newman v. Director, Div. of Taxation*, 14 N.J. Tax 313 (1994), aff'd, 15 N.J. Tax 228 (N.J. Super. A.D. 1995) held rendered the latter not analogous to the former – are not superficial, but fundamental. Another difference is that, under federal law, "The cost of incidental repairs which neither *materially* add to the value of the property nor appreciably prolong its life, but keep it in an ordinarily efficient operating condition may be deducted as an expense . . . . " Treas. Reg. § 1.162-4. New Jersey law contains no materiality requirement, i.e. under

---

[4] If a contractor sells *and* installs flooring, it is the contractor who pays the sales tax on the purchase of the flooring, so long as the contractor bills the end-consumer separately for flooring costs and installation costs (the latter of which is subject to sales tax after October 2006). If the contractor bills one lump some for flooring and installation, however, the end user is charged sales tax on the total amount of the bill. N.J. Tax Notes – Floor

New Jersey law a capital improvement is one that merely results in "an increase in the value of the real property." N.J. Admin. Code § 18:24-5.7(a). This distinction may well result in items being capital improvements under New Jersey law, but not under federal law.

The government's argument really boils down to the specious assertion that, because New Jersey sales tax law, and the brochures prepared by Mr. Bekritsky about that law, utilize the words "capital" and "repairs," they serve to prove that defendants must have been aware of the difference between capital expenditure and repairs under federal tax law: the government argues that the proposed exhibits are relevant because "they show that defendants Bekritsy and Plotkin, at a minimum, were sensitive to the general difference between 'repairs' and 'capital improvements.'" (See Gov. Opp. Mem. p. 5.) But, because "sensitivity" to the differences between repairs and capital improvements for sales tax purposes in no way equals knowledge of the differences between repairs and capital expenditures under federal tax law, the government's argument about relevance fails; there is no "general" sensitivity to these differences that connotes awareness of both New Jersey sales tax law and federal capitalization under federal income tax law.

---

Covering Installation Services (12/03/07), available at

## II. THE GOVERNMENT'S OPPOSITION PAPERS DEMONSTRATE HOW PREJUDICIAL THESE DOCUMENTS WOULD BE TO DEFENDANTS

The government argues that "while the sales tax outlines may not single-handedly prove the government's case, they certainly alter the balance when it comes to defendant's knowledge and willfulness." (Gov. Opp. Mem. p.6.) The outlines might well alter the balance of evidence on these issues if they were presented to the jury, but they would tip the balance for illegitimate, prejudicial reasons, not because they are legitimate, relevant evidence. As demonstrated *ante*, knowledge of what "capital improvements" and "repairs" consist of under state sales tax law does *not* equate to knowledge of federal income tax law -- but the jury might be confused into believing that it does. Indeed, the government wants to persuade the jury that it does.

Consequently, the exhibits have the potential to unfairly prejudice the jury (which, despite cross-examination on these issues, might have difficulty understanding the legal distinction between sales tax law and federal income tax law); to confuse the issues that the government is required to prove, i.e., knowledge of and willful disregard of *federal income tax law*; and waste time through the introduction of irrelevant evidence that

---

http://www.state.nj.us/treasury/floorservices.htm.

will require substantial cross-examination to prove its' irrelevance. This is just the kind of evidence that should be excluded under Fed. R. Evid. 403.

Finally, the government argues that its proposed Exhibits 1191 and 9003 are independently admissible to prove Count 30 (obstruction of justice), against defendants Plotkin and Bekritsky. (*See* Gov. Opp. Mem. at p.6). The government has identified numerous other exhibits that it intends to rely on in attempting to prove obstruction of justice (*See* Gov. Exhs. 9000-9069), and thus it will not be prejudiced in its ability to prove its obstruction charge by the exclusion of two of more than 69 exhibits. As explained above, these exhibits (as well as any other government exhibits regarding New Jersey sales tax, such as government Exhibit 8134), will cause unfair prejudice to the defendants – a prejudice which well outweighs the probative value of these exhibits on the issue of defendants' knowledge or willfulness.

Dated:   New York, New York
         February 7, 2008

                              Respectfully submitted,

                              KOSTELANETZ & FINK, LLP

                        By:   /s/ Robert S. Fink
                              Robert S. Fink (RSF-7924)
                              Caroline Rule (CR-6503)
                              Megan L. Brackney (MLB-6870)
                              7 World Trade Center

New York, New York 10007
(212) 808-8100

Counsel to Richard Stadtmauer

- 11 -

Case 2:05-cr-00249-JLL Document 192 Filed 02/07/08 Page 15 of 15 PageID: 5046

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that the forgoing document was served on the parties of record by electronic notification and by mailing a copy thereof by Federal Express, postage prepaid, to the following:

Thomas J. Eicher, AUSA
United States Attorney's Office
District of New Jersey
U.S. Department of Justice
970 Broad Street, Suite 700
Newark, NJ 07102

Richard J. Schaeffer, Esq.
Brian T. Rafferty, Esq.
Dornbush Schaeffer Strongin & Venaglia, LLP
747 Third Avenue
New York, NY 10017

Justin P. Walder, Esq.
Walder, Hayden & Brogan, P.A.
5 Becker Farm Road
Roseland, NJ 07068

Edward J. Plaza, Esq.
Weir & Plaza, LLC
321 Broad Street
Red Bank, NJ 07701

This, the 7th day of February, 2008.

/s/ Robert S. Fink
Robert S. Fink