*U.S. Department of Justice*

*United States Attorney*
*District of New Jersey*

*970 Broad Street, Suite 700*          *(973)645-2000*

*Newark, New Jersey  07102*

April 28, 2008

**BY ECF**

Honorable Jose L. Linares, U.S.D.J.
Martin Luther King, Jr. Federal Bldg. & Courthouse
50 Walnut Street
Newark, New Jersey  07102

          Re:    <u>United States v. Richard Stadtmauer</u>, Crim. No. 05-249

Dear Judge Linares:

      Recently, Defendant, while cross-examining a Government witness, sought to introduce portions of an FBI 302 that memorialized an interview with that witness on the ground that the statements in the 302 contradicted the witness's trial testimony.  The witness had never reviewed or adopted the statements attributed to him and, in fact, affirmatively denied making the statements when confronted with them in court.  Your Honor nevertheless admitted the inconsistent portions of the 302 over the Government's objection.  Because this issue is likely to recur, we respectfully submit this letter-brief to explain why Federal Rules of Evidence 613 and 802 do not permit a party to admit an FBI 302 to prove that a testifying witness allegedly made a prior inconsistent statement.

I.      UNLESS REVIEWED AND ADOPTED BY THE WITNESS, AN FBI AGENT'S SUMMARY OF WHAT THE WITNESS ALLEGEDLY SAID IS NOT A PRIOR STATEMENT OF THE WITNESS WITHIN THE MEANING OF RULE 613.

      Federal Rule of Evidence 613 governs the examination of witnesses with respect to prior statements.  Rule 613(a) permits a party to examine "a witness concerning a prior statement *made by the witness*, whether written or oral;" Rule 613(b) permits a party to introduce "extrinsic evidence of" such a statement, but only if "the witness is afforded an opportunity to explain or deny the same."  Fed. R. Evid. 613(a), (b) (emphasis added).  While Rule 613(a) eliminated the common-law requirement that the impeaching party show the witness the statement before questioning him or her about it, the highlighted language

confirms that the statement must, in fact, be a prior statement of the witness before it may be used for impeachment purposes. An FBI 302 does not qualify as such a statement.

In United States v. Saget, 991 F.2d 702 (11th Cir. 1993), the Eleventh Circuit addressed the precise question raised here: *i.e.,* whether Rule 613(b), as a matter of law, required a District Judge to admit an FBI 302 containing a summary of the government witness's prior statement where there was no indication that the witness had reviewed or adopted the statement. The Eleventh Circuit "conclude[d] that a witness may not be impeached with a third party's characterization or interpretation of a prior oral statement unless the witness has subscribed to or otherwise adopted the statement as his own." Id. at 710. The court interpreted Rule 613(b) as imposing "procedural requirements" for "establishing the proper foundation." See United States v. Adames, 56 F.3d 737, 744-45 (7th Cir. 1996) (noting that the "district court did not abuse its discretion by insisting that impeachment be in accordance with the Federal Rules of Evidence" where witness refused to adopt statements contained in FBI summary); see also United States v. Schoenborn, 4 F.3d 1424, 1429 n.3 (7th Cir. 1993); United States v. Chavez, 979 F.2d 1350, 1355 (9th Cir. 1992); see United States v. Barile, 286 F.3d 749, 758 (4th Cir. 2002).[1]

The Second Circuit has provided the most forceful rationale for the construction of Rule 613(b) adopted by the Fourth, Seventh, Ninth and Eleventh Circuits:

> In the absence of endorsement by the witness, a third party's notes of a witness's statement may not be admitted as a prior inconsistent statement unless they are a verbatim transcript of the witness's own words. The problem, in essence, is one of relevancy. If a third party's notes reflect only that note-taker's summary characterization of a witness's prior statement, then the notes are irrelevant as an impeaching prior inconsistent statement, and thus inadmissible.

United States v. Almonte, 956 F.2d 27, 29 (2d Cir. 1992) (*per curiam*). Thus, "a third party's characterization of a witness's statement can constitute a prior statement of the witness," but only "where the witness has 'subscribed to that characterization.'" United States v. Strother, 49 F.3d 869, 875 (2d Cir. 1995).

---

[1]See also WEINSTEIN'S FEDERAL EVIDENCE § 613.04[1] (2d ed. 2001) ("To be admissible . . . the inconsistent statement must belong to the person being impeached by it. Statements of an attorney are not admissible to impeach statements of the attorney's client, nor may a party be impeached by a third party's characterization of the party's statements.").

2

The construction of Rule 613 adopted by the Second Fourth, Seventh, Ninth and Eleventh Circuits precludes parties from confusing witnesses and misleading juries:

> the prosecution was concerned that the jury, seeing Marks' lawyer reading from [an FBI 302], would infer that if the witness denied having made the statement read by the lawyer, the witness must be lying, though in fact the FBI agent who had made the report might have gotten the witness's story down wrong and might have failed to ask the witness to read and sign the statement. . . . [S]ince a statement appearing in an interview report could easily be garbled, yet seem authoritative when read from a paper that the jury would infer was an official FBI document, the judge was reasonable in insisting that the witness be allowed to examine his purported statement before being impeached by it.

United States v. Marks, 816 F.2d 1207, 1211 (7th Cir. 1987). These same concerns animate the Jencks Act's narrow definition of the term statement, 18 U.S.C. § 3500(e). As the Supreme Court has observed, it would be "grossly unfair to allow the defense to use statements to impeach a witness which could not fairly be said to be the witness' own rather than the product of the investigator's selections, interpretations, and interpolations." Palermo v. United States, 360 U.S. 343, 350 (1959); cf. Government of Virgin Islands v. Lovell, 410 F.2d 307, 309 n.5 (3d Cir. 1969) (inconsistent statement of Government witness recorded in investigator's reports were not producible under Jencks Act because witness did not subscribe to or sign the reports).

But preventing that unfairness in no way deprives a defendant of a meaningful opportunity to confront and cross-examine witnesses. Where a witness has not adopted as his or her own statements contained in an FBI 302 and refuses to do so when confronted with them at trial, "the matter could then be resolved," *not* by admitting the FBI 302, but "by calling the FBI agent who had compiled the report." Marks, 816 F.2d at 1211; accord Adames, 56 F.3d at 744-45; Paget, 991 F.2d at 711. Defendant, therefore, can easily comply with Federal Rules of Evidence and receive the meaningful opportunity to confront and cross-examine witnesses guaranteed him by the Sixth Amendment.

II. **THE FBI 302 CONSTITUTES INADMISSIBLE HEARSAY BECAUSE IT CONTAINS THE OUT-OF-COURT ASSERTION OF THE FBI AGENT THAT THE WITNESS ACTUALLY MADE THE STATEMENTS SUMMARIZED IN THE REPORT.**

Statements properly admitted under Rule 613 are exempt from the hearsay prohibition because they are offered only to show that the witness made two conflicting statements. United States v. Bao, 189 F.3d 860, 866 (9th Cir.1999) ("[B]ecause a declarant's prior inconsistent statement is not offered for its truth, it is not hearsay."). However, that does not

render any document containing such statements *per se* admissible. To the contrary, when there are multiple levels of hearsay, the impeaching party must prove that an exemption or exception applies to each level. Fed. R. Evid. 805. Defendant has not done so and cannot do so here.

The FBI 302 is itself hearsay because it contains the author's out-of-court assertion to the effect that, "This is what the witness said." See In re High Fructose Corn Syrup Antitrust Litig., 156 F. Supp. 2d 1017, 1027 (N.D. Ill. 2001) ("The FBI 302 reports are clearly hearsay under Rule 801 of the Federal Rules of Evidence since they are out-of-court assertions"), rev'd on other grounds, 295 F.3d 651 (7th Cir. 2002). That assertion, moreover, is clearly offered for its truth, Fed. R. Evid. 801(c), for the statements contained within the 302 would have no impeachment value whatsoever unless the jury believed that "This is what the witness said." Thus, Defendant, as the proponent of the evidence, must prove that the 302 fits within an accepted hearsay exception. In re High Fructose Corn Syrup Antitrust Litig., 156 F. Supp. 2d at 1027 (observing that "the report is actually triple hearsay, as it represents an agent's documentation of the statement by Whitacre recounting a comment that was purportedly made by Andreas" and that "[i]n instances of multiple hearsay, the proponent must provide an exception for every link in the hearsay chain"). Even if Defendant can prove that the statements contained within the 302 are not hearsay under Rule 613, "the final link (that is, the actual preparation of the written report some period of time later by the FBI agent) remains unsatisfied. It is worth noting that the 302 report is just that—a report, not an affidavit or a deposition." Id.; accord Hutchison v. Bell, 303 F.3d 720, 743-44 (6th Cir. 2002) (noting that "the insurance report itself would not have been admissible as extrinsic evidence of Miller's prior inconsistent statement" where "the report itself is an out-of-court statement that summarizes an out-of-court statement by Tony Goings"); cf. Paradis v. Arave, 240 F.3d 1169, 1179 (9th Cir. 2001) ("if Haws' notes record Elliott's hearsay reports of Dr. Brady's hearsay statements, then the notes themselves would not be admissible, even to impeach Dr. Brady. But if Dr. Brady's hearsay statements, reflected in the notes, contradict his in-court testimony, then the notes could be used to impeach Dr. Brady by leading the defense team to call Elliott to testify regarding Dr. Brady's prior inconsistent statements, which, as such, would not be hearsay.").

In holding otherwise, this Court appeared suggest that the 302 somehow reflects an admission by the Government that the witness in fact made the statement attributed to him. That theory lacks support in the decisional law. To be sure, the Fourth Circuit in Barile concluded its discussion of a Rule 613(b) issue with the following:

> To the extent that the Government argues that because the prior statements were made by a third party they are inadmissible on hearsay grounds, its position is untenable. If Barile can lay a foundation for the statements, they are admissible over any hearsay objection *because Kroen made them in her*

4

> *capacity as a government official on matters within the scope of her employment*, and as such, the statements are of a party-opponent and therefore not hearsay.

286 F.3d at 758 (emphasis added) (citing Fed. R. Evid. 801(d)(2)(D)). However, a review of the briefing before the Fourth Circuit reveals that the parties simply did not address the hearsay issue, rendering the court's statements about that issue *dicta*. More problematically, the Fourth Circuit previously held that statements by federal prosecutors cannot be deemed admissions for purposes of Rule 801(d)(2), United States v. Blood, 806 F.2d 1218, 1221 (4th Cir. 1986), and so it is difficult to understand how that court could summarily pronounce that a report authored by an investigator for the Food and Drug Administration constituted an admission binding on the Department of Justice.

More importantly, the Third Circuit has suggested that it agrees with the Fifth and Seventh Circuit's position that statements by Government attorneys or agents cannot be introduced against the government in a criminal proceeding. See Lippay v. Christos, 996 F.2d 1490, 1497-98 (3d Cir. 1993); see also United States v. Arroyo, 406 F.3d 881, 888 (7th Cir. 2005) ("This court has held that government agents are not party-opponents for purposes of Rule 801(d)(2)."); accord United States v. Garza, 448 F.3d 294, 298 (5th Cir. 2006). Thus, merely because an FBI agent purports to record what a witness said does not constitute an admission by the Government that the witness, in fact, made the statement in question.

Another decision that does not address or resolve the hearsay objection the Government raises here is United States v. Mitchell, 113 F.3d 1528 (10th Cir. 1997). In Mitchell, the Tenth Circuit held that the District Court should have permitted the defendant to impeach a prosecution witnesses based on a "statement contained in a psychological counseling record" indicating that witness reported having "some problems with forgetfulness since the above listed event." Id. at 1531. Although the Tenth Circuit did not address or resolve any hearsay objection, none appears to be present: the treatment report itself was probably considered a business record. Fed. R. Evid. 803(6). Mitchell, therefore, does not support the proposition that an FBI agent's 302 is *per se* admissible under Rule 613(b).

Nor does United States v. Nacrelli, 468 F. Supp. 241 (E.D. Pa. 1979), support the notion that a party may introduce an FBI 302 into evidence when statements in that 302 contradict a witness's trial testimony. In that case, the District Judge permitted the prosecutor to ask defense witnesses whether they had made prior inconsistent statements as reflected in FBI 302s, but it held that "a proper foundation must be laid to establish that it is in fact his statement." Id. at 254. In fact, in an earlier section of its opinion, the District Court in Nacrelli reaffirmed its refusal to allow the defendant to admit into evidence a police report reflecting prior inconsistent statements of a prosecution witness. Id. at 253. Thus,

5

Nacrelli does not hold that FBI 302s are exempt from the hearsay prohibition merely because they may contain the prior inconsistent statement of a witness.

Finally, this Court cited United States v. Askew, 201 Fed. Appx. 858 (3d Cir. 2006), to support its decision to admit an FBI 302 over the United States' hearsay objection. But the Third Circuit's Internal Operating Procedures preclude District Courts within the Third Circuit from relying on non precedential opinions. In re Grand Jury Investigation, 445 F.3d 266, 276 (3d Cir. 2006) ("The District Court erred in relying on a [Not Precedential Opinion]"). Regardless, Askew actually *supports* the Government's position here. In Askew, the District Court excluded as hearsay proffered testimony from a defense witness (Chontos) that another witness (Nolden's) had made statements that contradicted her trial testimony. The panel observed that, while a prior inconsistent statement would *not* be excludable as hearsay, the statement in question was not sufficiently inconsistent to be used for impeachment purposes. Askew helps the Government's position because a contrary holding — that Nolden's statements to Chontos *were* truly inconsistent with her trial testimony — would have required the District Court to admit Chontos' *testimony* about what Nolden had said. Askew never said that it would have been proper to admit *a document* authored by Chontos summarizing Nolden's out-of-court statements.

In sum, an FBI 302 is inadmissible under Rules 613 and 802 because (1) it reflects only a summary of what the witness said, and (2) it is itself a hearsay document that is being offered for the truth of the matter asserted (*i.e.*, that the witness actually made the statements in question). This Court, therefore, should require Defendant to call the FBI agent who authored the 302 in question to testify about the witness's prior statements.

Thank you for your consideration.

Respectfully submitted,

CHRISTOPHER J. CHRISTIE
United States Attorney

s/ Steven G. Sanders

By: STEVEN G. SANDERS
Assistant U.S. Attorney

cc:   Robert S. Fink, Esq.
      (by ECF)

6