## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____

                                )

**UNITED STATES OF AMERICA**        )

                                )

     **v.**                        )        **Crim. No.:  05-249 (JLL)**

                                )

**RICHARD STADTMAUER**        )        **ORAL ARGUMENT**

                                )        **REQUESTED**

_____)

## DEFENDANT RICHARD STADTMAUER'S MEMORANDUM
## IN OPPOSITION TO THE UNITED STATES' MOTION TO
## EXCLUDE EXPERT TESTIMONY OF ROBERT SCHWEIHS
## <u>AND FOR A DAUBERT HEARING</u>

Defendant Richard Stadtmauer, through undersigned counsel, respectfully opposes the government's motion to exclude the testimony of expert witness Robert Schweihs or for a *Daubert* hearing.

The government does not challenge Mr. Schweih's qualifications to testify as an expert witness.  *See* Memorandum of the United States in Support of Motion to Exclude Expert Testimony of Robert Schweihs and for a *Daubert* Hearing ("Mem.") at 5.  Rather, the government asserts that Mr. Schweih's proposed testimony is "[i]rrelevant to [d]efendant's [i]ntent." *Id.*  The government's argument misses the mark.  Mr. Schweih's proposed testimony is directly relevant to the element of *materiality*, which is an essential element of 26 U.S.C. § 7206 and a question for the jury.  *See Neder v. United States*, 527 U.S. 1, 7. 9, 17 (1999); *United States v. Gaudin*, 515 U.S. 506, 511 (1995).  The defense is

entitled to establish that the allegedly-false statements on the returns concerning

capital expenditures are immaterial because they had no effect on the taxes owed.

*See, e.g., United States v. Uchimura*, 125 F.3d 1282, 1285 (9th Cir. 1997); *United*

*States v. Clifton*, 127 F.3d 969, 970 (10th Cir. 1997); DOJ Criminal Tax Manual,

Section 12.08[5] (explaining that these decisions "mandate that evidence

supporting the lack of tax deficiency must be submitted to the jury").

　　　　The government's reliance on cases decided prior to *Neder* and/or

*Gaudin*,[1] and cases involving proposed expert testimony on intent issues,[2] is

misleading and misplaced.  It is clear that materiality is a jury issue in a § 7206 tax

case, and that the defendant is entitled to present evidence that allegedly-false

statements are immaterial because they had no effect on the taxes owed.  Because

materiality is a central issue, and an essential element that the government must

---

[1]　　　*United States v. Helmsley*, 941 F.2d 71 (2d Cir. 1991) (Mem. at 7), pre-dates both decisions.  Moreover, the expert testimony in question was not excluded in *Helmsley, see id.* at 84, and the language quoted by the government related to a sufficiency challenge to the evidence, not the admissibility of expert testimony.

[2]　　　*United States v. Hurn*, 368 F.3d 1359 (11th Cir. 2004) (Mem. at 7), excluded evidence concerning the defendant's "motive to lie" because she did not know about the information at the time of the conduct.  *Id.* at 1366.  *Hurn* was not a § 7206 case and did not address the issue of materialty.  In *United States v. Loe*, 248 F.3d 449 (5th Cir. 2001) (Mem. at 7), the defendant argued that expert testimony that the defendant overpaid his taxes was relevant to intent.  *Id.* at 469.  The defendant made no argument concerning the element of materiality and the court relied on a pre-*Gaudin* and pre-*Neder* decision that held that "evidence of tax liability is irrelevant in false statement cases."  *Id.* & n.90 (citing 1977 Fifth Circuit decision).

prove, the Court cannot exclude Mr. Schweih's proposed testimony on relevance grounds.

The government's reliance on *United States v. Hatch*, 514 F.3d 145 (1st Cir. 2008) (Mem. at 7), is equally misplaced. There, the defendant completely failed to disclose or pay taxes on a $1 million prize for winning the TV show "Survivor." The expert testimony that was excluded related to the effect of the alternative minimum tax on commission income listed on a "hypothetical" tax return that was *never filed*. *Id.* at 158,166-67. The court correctly observed that the issue was entirely irrelevant because the tax return that the defendant filed did not report any commission income at all. *Id.* at 167. Here, the expert testimony relates to tax returns that were actually filed, and addresses the immateriality of the allegedly-false statements. Because the testimony is relevant to an essential element of the offenses charged, it should be permitted.

The Court should also reject the government's arguments that the evidence should be excluded because it would confuse or mislead the jury. Mem. at 9. The Supreme Court has held that materiality is a jury issue, and the defense is entitled to present probative evidence on that subject. Because evidence that the allegedly-false statements did not have any effect on tax liability is probative with respect to materiality, the evidence will not be either confusing or misleading.

3

Finally, there is no need for a *Daubert* hearing concerning Mr. Schweih's testimony.  The concepts of cost segregation of property into its various costs or components for purposes of obtaining favorable depreciation or investment tax credit benefits has been recognized as far back as the 1950's.  *See, e.g., Shainberg v. Commissioner*, 33 T.C. 241 (1959); *Conroe Office Bldg., Ltd., v. Commissioner*, T.C. Memo 1991-224; Rev. Rul. 73-410, 1973-2 C.B. 53.  The government's convenient argument that cost segregation was unavailable during the 10 year period where the properties at issue here were acquired is simply wrong.  To be sure, the Economic Recovery Tax Act of 1981 enacted the ACRS (Accelerated Cost Recovery System), and in so doing, restricted the ability to use the component method of depreciation.  *See* IRC § 168, as then enacted.  But, even after the enactment of ACRS, the depreciation rules continued to differentiate sharply between depreciable real and personal property, and taxpayers continued to engage in depreciation costs analyses.  *See, e.g.*, Norman F. Milefsky, *Cost Segregation Studies More Important Than Ever*, 4-91 The Tax Advisor 224 (April 1991); Martin Shenkman, *How to Maximize a Client's Depreciation and ITC Benefits – A Step-by-Step Approach*, The Practical Accountant, Sept. 1984, at 73.

*Hospital Corp. of America v. Commissioner*, 109 T.C. 21 (1997) ("*HCA*"), cited by the government, is not to the contrary.  *HCA* held that the statutory bar on the component method of depreciation for real property *never*

4

extended to personal property, and that investment tax credit authorities could be relied on for distinguishing whether an item of property was a structural component of a building or qualified as tangible personal property eligible for more favorable deprecation.  In short, contrary to the government's suggestion, cost segregation studies never disappeared or receded from tax practice.

Nor is there any need for a *Daubert* hearing.  Defendant's Rule 16 disclosures to the government have gone far beyond what is required under Rule 16 and what the government has disclosed under Rule 16 for its own expert.  As directed by the Court, Defendant provided the government with Mr. Schweihs' cost segregation calculations on April 9, 2007.  Since that time, the government has not requested any further information about the calculations.  The government also complains that it cannot discern the bases for Mr. Schweihs' valuations.  Mem. at 10.  However, the government fails to acknowledge that the actual sources on which Mr. Schweihs' relied were listed in Defendant's Rule 16 supplemental disclosure.[3]

For the foregoing reasons, Defendant respectfully requests that the Court deny the government's motion.

---

[3]   The government contends that it does not have the purchase documents for the properties in question.  These were either produced to the defense as part of the government's discovery in this matter or are public records.  In any event, Defendant has provided them to the government.

Respectfully submitted,

By:   /s/ Robert S. Fink

Robert S. Fink
Megan Brackney
Kostelanetz & Fink, LLP
7 World Trade Center
New York, NY 10007

David M. Zinn
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
dzinn@wc.com (e-mail)

Attorneys for Richard Stadtmauer

## **CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that the forgoing document

was served on the parties of record by electronic filing and U.S. Mail to the

following:

Thomas J. Eicher, AUSA
United States Attorney's Office
District of New Jersey
U.S. Department of Justice
970 Broad Street, Suite 700
Newark, NJ  07102


This, the 12th day of May 2008.


/s/ Robert S. Fink

Robert S. Fink