*U.S. Department of Justice*

*United States Attorney*
*District of New Jersey*

*970 Broad Street, Suite 700*          *(973)645-2000*
*Newark, New Jersey  07102*

May 12, 2008

**BY ECF**

Honorable Jose L. Linares, U.S.D.J.
Martin Luther King, Jr. Federal Bldg. & Courthouse
50 Walnut Street
Newark, New Jersey  07102

      Re:   United States v. Richard Stadtmauer, Crim. No. 05-249

Dear Judge Linares:

    Please accept this letter in lieu of a more formal brief in opposition to Defendant Richard Stadtmauer's motion to exclude anticipated testimony from Government witness Stanley Bekritsky (Docket Entry No. 251).  For the reasons set forth below, Defendant's motion should be denied.

### FACTUAL BACKGROUND

    The Government recently disclosed that Defendant asked Bekritsky at some point "whether the tax returns were okay to sign," to which Bekritsky responded, "I signed them."  Were that question and answer elicited before the jury without explanation, it would misleadingly suggest that Defendant sought and obtained an opinion from his accountant that the tax returns were lawful and accurate.  To prevent Defendant from misleading the jury in that manner, the Government intends to have Bekritsky put the question and answer in context by testifying, based on his knowledge of the returns and his course of dealing with Defendant and Defendant's employer, (1) that he understood Defendant to be asking whether the returns would arouse IRS suspicions and (2) that his response meant that the returns had been prepared in such a way as to avoid arousing such suspicions.  That is perfectly proper.

## ARGUMENT

### THE FEDERAL RULES OF EVIDENCE PERMIT BEKRITSKY TO EXPLAIN HIS UNDERSTANDING OF DEFENDANT'S QUESTION.

Federal Rule of Evidence 701 provides in relevant part that, "[i]f the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, [and] (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." Fed. R. Evid. 701. Under Rule 701, a witness who participated in a conversation with the defendant may testify at trial as to his or her understanding of the defendant's words. See United States v. DePeri, 778 F.2d 963, 977 (3d Cir. 1985). Such testimony meets Rule 701's helpfulness prong. Id. at 977; see United States v. Flores, 63 F.3d 1342, 1359 (5th Cir. 1995); United States v. Urlacher, 979 F.2d 935, 939 (2d Cir. 1992); United States v. Simas, 937 F.2d 459, 465 (9th Cir. 1991).

Here, Bekritsky understood Defendant's question — "Are the returns okay to sign" — as asking whether there was anything in the returns that would arouse IRS suspicions. Such testimony would simply explain what Bekritsky understood and would allow Bekritsky to explain why he answered as he did. The jury will be able to evaluate the plausibility of Bekritsky's understanding by examining the foundation for his testimony: *i.e.*, that the returns were in fact problematic but that he had signed the returns only because he believed he had successfully swept the problems under the rug. Testimony of this sort is admissible.

In United States v. Kozinski, 16 F.3d 795 (7th Cir. 1994), the defendant complained on appeal that the District Court permitted the Government's witness, Avery, to "testify about the context and meaning of conversations to which he was a party." Id. at 809. In reasoning directly applicable here, the Seventh Circuit disagreed:

> Avery very was a participant in those conversations and was testifying about his understanding of the thoughts that were being communicated to him. . . . Avery certainly had personal knowledge of his own mental processes during those conversations and is competent to testify regarding them. If Kozinski intended something other than what Avery perceived, she was free to testify that Avery

> misunderstood her.  At that point the jury could weigh the credibility of both interpretations and reach a conclusion.  Because Avery was merely testifying about his impressions about what was being communicated to him, the district court did not abuse its discretion by allowing the testimony.

Id. (citations omitted); accord United States v. Tsekhanovich, 507 F.3d 127 (2d Cir. 2007) (*per curiam*) (noting that "Kletselman testified only about discrete matters, such as his understanding of why Tsekhanovich would send him cars" and "his own understanding of the term "runners"); United States v. Lizardo, 445 F.3d 73, 84 (1st Cir. 2006) ("This was not an improper interpretation" because "it was Cepero's subjective conclusion after hearing the conversation and not an interpretation of the meaning of the conversation."); cf. United States v. Anderskow, 88 F.3d 245, 249 (3d Cir. 1996) (noting that witness did not improperly opine on defendant's guilty knowledge but only highlighted certain facts that allowed the jury to infer such knowledge).  Accordingly, Bekritsky can testify as to his own understanding of Defendant's question, "Are the tax returns okay to sign?"

Even if Bekritsky's expected testimony could be portrayed as opining on what Defendant's question meant, the question itself is ambiguous and requires clarification.  The use of the term "okay" could have meant "complete," or "accurate," or "sufficient to pass the smell test" and, thus, was ambiguous because it referred to "events that are clear only to [Defendant] and his audience[.]"  De Peri, 778 F.2d at 977.  Thus, it would be perfectly appropriate for Bekritsky (a participant in the conversation) to opine as to what meaning Defendant intended to convey.  See United States v. Elder, 90 F.3d 1110, 1134 (6th Cir. 1996); United States v. Sneed, 34 F.3d 1570, 1581-83 (10th Cir. 1994).

Defendant nevertheless asserts that allowing Bekritsky to testify as to his understanding of Defendant's question would violate Rule 701's helpfulness prong of as a matter of law.  Remarkably, he goes so far as to claim that "[w]hen a witness testifies as to his understanding of a statement of another, this interpretation is not 'helpful to the jury, and thus is not admissible.'" Moving Br. at 2.  To the contrary, and as set forth above, a "district court does **not** abuse its discretion in admitting testimony by a witness with firsthand knowledge as to his understanding of words used by the defendant." United States v. Scott, 243 F.3d 1103, 1107 (8th Cir. 2001) (so holding with respect to coded conversations).

3

Nonetheless, Defendant insists that witnesses may interpret only "coded" words, and that the question he asked Bekritsky is so clear that it would be an abuse of discretion were this Court to allow Bekritsky to interpret it. Moving Br. at 4-5. But the two principal cases Defendant cites hold, unremarkably, that witnesses may not interpret "facially clear" statements. See United States v. Dicker, 853 F.2d 1103, 1110 (3d Cir. 1988) ("At trial, Agent Farrell was permitted continuously to supplement the recorded conversations, which made no actual mention of phony documents, with his opinion that phony documents were being discussed."); see also Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1108 (3d Cir. 1993) (District Court did not err "in holding that [the statements] did not need clarification by way of the witnesses' interpretation."). In neither case did the Third Circuit hold or imply that it is improper for a witness to testify as to his or her own understanding of a defendant's statement, or that lay opinion testimony is permissible only when "coded" words are at issue (such as in drug conspiracies). See Dicker, 853 F.2d at 1108 (referring to "'code-like' conversations).

In sum, allowing a defendant to elicit what appears to be an exculpatory exchange while forbidding the Government from putting that exchange in context so that the jury can fairly judge its meaning would thwart the search for the truth that a trial is supposed to represent.

Thank you for your consideration.

                                        Respectfully submitted,

                                        CHRISTOPHER J. CHRISTIE
                                        United States Attorney

                                        s/ Steven G. Sanders

                                        By: STEVEN G. SANDERS
                                        Assistant U.S. Attorney

cc:    Robert S. Fink, Esq.
        (by ECF)