UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 05-249 (JLL) |
| v. | : | |
| RICHARD STADTMAUER | : | Hon. Jose L. Linares |

REPLY MEMORANDUM OF THE UNITED STATES IN SUPPORT OF
MOTION TO EXCLUDE EXPERT TESTIMONY
OF ROBERT SCHWEIHS AND FOR A DAUBERT HEARING

        CHRISTOPHER J. CHRISTIE
        United States Attorney
        970 Broad Street
        Suite 700
        Newark, New Jersey 07102
        (973) 645-2700

On the Brief:
Thomas J. Eicher
Rachael A. Honig
Assistant United States Attorneys

## ARGUMENT

In counsel's March 19, 2008, letter to the Court, defense counsel asserted that the testimony of Robert Schweihs regarding cost segregation would be "one of the most important pieces of evidence of Mr. Stadtmauer's state of mind.  It is evidence of a lack of wilfulness, regardless of whether deficiency is an element of the charged offenses." (See May 13, 2008 Declaration of Rachael A. Honig, Ex. A.)  This, of course, turns out to be false, given that there is no evidence that defendant considered or was even aware of cost segregation as an option at the time the properties at issue were purchased.

Defendant's opposition to the government's motion to exclude Schweihs's testimony therefore abandons this argument completely, and now declares that the evidence is relevant not to state of mind but rather materiality.  Defendant claims that evidence tending to show that the real estate partnerships could have obtained similar tax advantages by using cost segregation rather than the unlawful approach actually taken on their returns will "establish that the allegedly false statements on the returns concerning capital expenditures are immaterial because they had no effect on the taxes owed." (Defendant's Memorandum at p.2 (emphasis added).)

This argument may be dispatched even more swiftly than the first.  The Third Circuit has held that "it is well settled that a tax deficiency is not an element" of offenses charged pursuant to 26 U.S.C. § 7206, the statute defendant is charged with violating in this case.  For this reason, "evidence of tax liability is generally inadmissible in prosecutions under I.R.C. § 7206, and a trial judge is certainly correct in taking care that a jury does not misperceive a charge of false reporting as an allegation of tax evasion." United States v. Olgin, 745 F.2d 263, 272 (3d Cir. 1984).  "Materiality," while an element of the offense that must be submitted to

the jury, does not require proof of a tax deficiency. Instead, it merely requires that the government show that the false statement on the return had "a natural tendency to influence, or is capable of influencing, the decision of the decisionmaking body to which it was addressed." Neder v. United States, 527 U.S. 1, 16 (1999) (quoting United States v. Gaudin, 515 U.S. 506, 509 (1995)). False deductions clearly are "capable of influencing" the IRS, and are therefore material.

Defendant suggests that the Neder and Gaudin decisions somehow call into question the numerous cases that, like Olgin, hold that evidence of tax loss (or lack thereof) is irrelevant and inadmissible in a false tax return case.. All that Neder and Gaudin held, however, was that materiality is an issue for the jury, not the Court. Neither declared that the government's obligation to prove materiality permits the defense to introduce evidence ostensibly disproving the existence of a tax deficiency.

Nor are United States v. Uchimura, 125 F.3d 1282 (9th Cir. 1997), and United States v. Clifton, 127 F.3d 969 (10th Cir. 1997), to the contrary. Both of these decisions post-dated Gaudin and pre-dated Neder, and anticipated Neder by applying Gaudin in the tax context. In both, the courts held that materiality should have been submitted to the jury for its determination, but that the error was harmless because the evidence plainly showed that the defendant significantly under-reported his income. Neither involved a defendant who claimed that the tax loss to the government was nevertheless zero due to other deductions that could have been, but were not, claimed on the return. While Uchimura stated in dictum, and Clifton repeated, that evidence of no additional tax due and owing "may" have some relevance to materiality, that issue simply was not presented in either of those cases. Therefore, they have no

2

bearing here.

Moreover, there is a critical difference between the factual scenarios imagined in Uchimura and Clifton and the one presented by this case. In those cases, the courts hypothesized about a situation in which a taxpayer's actually claimed, legitimate deductions so exceeded even his unreported income such that the inclusion of that income still would not have resulted in any tax due and owing. In other words, the hypothetical taxpayer claimed income of $25,000 and legitimate deductions of $50,000, but intentionally failed to report additional income of $20,000. The dicta in Uchimura and Clifton would consider it relevant that even with this additional income, the taxpayer's deductions still exceeded his income, making the omission "immaterial" to the return *as it was actually filed*. In this case, by contrast, Schweihs's proposed testimony is one step further removed. He proposes to testify that properly depreciating capital expenditures would have had "no effect" on the partnership tax returns if — and only if — the partnerships had also used cost segregation to claim additional deductions *that they did not in fact claim*. This is not the situation envisioned in Uchimura and Clark. Schweihs's proposed testimony regarding the hypothetical effect of unclaimed deductions thus carries with it the potential to mislead the jury and cause confusion regarding complex and entirely collateral issues. As a result, it must be excluded.

In the alternative, it is clear that at a minimum, a Daubert hearing must be held. The government does not, as defendant suggests, dispute the reliability of cost segregation studies generally; its discussion of the HCA decision in its opening brief related to the issue of defendant's knowledge and intent and the likelihood that the defendant would have actually contemplated cost segregation as an option at the time the properties in question were purchased.

3

Instead, the government questioned, and continues to question, the reliability of Schweihs's opinion in this case. Defendant is flatly wrong when he states that "the government has not requested any further information about [Schweihs's] calculations" since defendant's supplemental Rule 16 disclosure was made on April 9. (Def. Mem. at p.5.) On April 9, the government requested copies of the materials upon which Schweihs relied in reaching his conclusions; this request was ignored until three days ago. Now that the materials have been provided, moreover, it becomes ever more clear that Schweihs's opinion is unreliable. The purchase documents regarding the three properties do not describe the five-year (e.g., appliances and vehicles) or fifteen-year (e.g., landscaping, sidewalks) personal property being acquired, nor do they detail its age or condition. Since properties were acquired between thirteen and sixteen years ago, it is impossible to discern how Schweihs was able to value this property so many years after the fact. If Schweihs is to testify, and again, the government respectfully submits that he should not, a Daubert hearing must be held to resolve this issue to the Court's satisfaction.

4

**CONCLUSION**

For the foregoing reasons, the United States respectfully requests that its motion be granted, and that the Court enter an order (1) excluding the proposed testimony of Robert Schweihs; or (2) in the alternative, granting a Daubert hearing.

> Respectfully submitted,
>
> CHRISTOPHER J. CHRISTIE
> United States Attorney
>
> s/Rachael A. Honig
>
> By:  RACHAEL A. HONIG
>      Assistant U.S. Attorney

DATED:   May 13, 2008
         Newark, New Jersey

5

**CERTIFICATE OF SERVICE**

        I hereby certify that on the 13th day of May, 2008, true and correct copies of the government's Reply Memorandum In Support of Motion to Exclude Testimony of Robert Schweihs and For a Daubert Hearing and supporting Declaration were sent <u>electronically</u> to:

>Robert S. Fink, Esq.
>Megan L. Brackney, Esq.
>Kostelanetz & Fink, LLP
>7 World Trade Center
>New York, NY 10007

>>s/Rachael A. Honig
>>Rachael A. Honig

Dated: May 13, 2008